### EX PARTE BENITO SANDOVAL.

No. 30,347. November 26, 1958.

*Oliver W. Johnson,* San Antonio, for relator.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Jack A. Efron,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an application for habeas corpus seeking relief from a judgment of contempt entered in the 150th District Court of Bexar County.

Relator was, on April 8, 1958, charged by complaint with wife desertion, and on April 14, 1958, waived examining trial and entered into bond for his appearance before Criminal District Court of Bexar County.

On the same day relator waived notice and agreed to the entry of an order requiring him to pay the sum of $20.00 on April 18, 1958, and a like sum thereafter on alternate Fridays, for the support of his wife.

Order was entered requiring such payments to be made through the Chief Juvenile Probation Officer, to be paid by him to relator's wife, and it was further ordered "that the above entitled and number cause is continued and held in abeyance so long as said payments are made by the defendant as ordered herein."

This order was made and signed by the late lamented John C. Hoyo, Judge of the 150th District Court of Bexar County, in which district court the application and waiver of notice were filed.

Upon affidavit and after hearing relator was held in contempt for his failure and refusal to comply with the order.

The motion for contempt was filed in Criminal District Court, but was heard and the order entered in the 150th District Court.

The state relies upon Art. 604 V.A.P.C. as authority for the order requiring relator to support his wife: It reads:

"The Court during its term, or Judge thereof in vacation after the filing of complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complaint give notice to the defendant of such application and may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt."

Just how the case which originated in the filing of a complaint before Justice of the Peace Ogden became pending litigation in the 150th District Court of Bexar County, where the support order was entered and the cause continued and held in abeyance so long as the payments were made, is beyond us.

The case was filed in justice court and relator was required to enter into bond for his appearance in Criminal District Court.

If for any reason (and we see none) the support order may be held to have been entered in Criminal District Court rather than in the 150th District Court, then the state may be faced with Art. 576 C.C.P., which reads:

"When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail."

There is nothing in the record here to indicate or suggest that an indictment has been returned against relator or that a grand jury has not been empaneled in Criminal District Court, met and adjourned, since relator was arrested, charged and required to enter into bond.

Under the record before us, we hold that there was no criminal case against relator pending in the 150th District Court when the order for support was entered and that that court was

without jurisdiction to enter the support order under authority of Art. 604 V.A.P.C., or any other statute or law.

It follows that relator cannot be held in contempt for failing to comply with such order.

The writ is granted and relator is ordered discharged.