**David Martinez GARCIA, Petitioner,**

v.

**Preston H. DIAL, Jr., Respondent.**

**No. 61450.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 2, 1980.

Fred A. Semaan, San Antonio, for petitioner.

Bill M. White, Dist. Atty. and Alan E. Battaglia, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for respondent.

DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an original action brought by David Martinez Garcia seeking a writ of mandamus directing the Honorable Preston H. Dial, Jr., Judge of the 175th Judicial District Court of Bexar County, to set aside an order reinstating Cause Number 78–CR–1183 on the court's docket; petitioner further seeks the issuance of a writ of prohibition preventing Judge Dial from proceeding to trial of petitioner in Cause Number 78–CR–1183.

The record reflects that petitioner was arrested for the offense of murder on February 28, 1978 and on that day posted bond. On June 7, 1978 an indictment was returned against petitioner in Cause Number 78–CR–1183.

On July 1, 1978, by legislative mandate, the provisions of the Texas Speedy Trial Act, Articles 32A.01 and 32A.02, V.A.C.C.P., became effective.

Nine days later, on July 10, 1978 petitioner Garcia filed a motion for continuance in which, contingent upon the court's grant of his motion, he specifically waived his rights under the Speedy Trial Act.[1] The continuance motion was granted by respondent Dial.

On August 28, 1978, petitioner filed a motion to set aside indictment alleging that the State had on that day announced in open court that it was not ready for trial, and because more than 120 days had passed since the commencement of the criminal action against him, he was entitled to have the indictment in Cause Number 78–CR–1183, as well as the prosecution, set aside pursuant to Article 32A.02,[2] supra. On the same day, respondent granted petitioner's motion and recorded his action dismissing the cause on the docket sheet.

On October 18, 1978, this Court handed down its opinion in *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978) in which it was held that any time which had elapsed prior to July 1, 1978, the effective date of the Speedy Trial Act, was not to be considered in determining a motion to set aside an indictment on the ground that the State had not been ready for trial within 120 days of the commencement of the criminal action.

Thereafter, on October 26, 1978, the State filed with respondent a "Motion for Reconsideration of Court Ruling" alleging that, in view of the decision in *Wade v. State*, supra, respondent had erroneously dismissed the prosecution against petitioner, and requesting that Cause Number 78–CR–1183 be reinstated on the docket and set for trial. The trial court set this motion for a hearing to be conducted on November 2, 1978,[3] and the record reflects that on that date, respondent granted the State's motion ordering the reinstatement of the cause.

Petitioner filed a document entitled "Waiver of a Speedy Trial" on November 16, 1978, and almost five months later, on April 3, 1978, filed a motion for continuance alleging the absence of several material witnesses. The record does not reflect whether such motion was presented to the trial court.

The next event reflected by the record is petitioner's application to this Court for the extraordinary relief which is the subject of this cause.

"Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the State is not ready for trial within: (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony; . . . ."

---

1. Article 32A.02 provides in part:
   "Sec. 4. In computing the time by which the State must be ready for trial, the following periods shall be excluded:
   \* \* \* \* \* \*
   (3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel, . . . ."

2. Article 32A.02 directs:

3. No transcription of this hearing is contained in the record before this Court.

Petitioner contends that after respondent entered the order of August 28, 1978, dismissing the cause against him, the cause is "for all intents and purposes dead and there is no way the Court can breathe life back into the [cause];" therefore, respondent's reinstatement thereof is a nullity and of no effect. The State, however, asserts that, because petitioner was not entitled to have the prosecution against him dismissed pursuant to the provisions of the Speedy Trial Act, Judge Dial had no jurisdiction to dismiss the cause, and his August 28th order to that effect is void. It is the State's position that because the order of dismissal is void, the reinstatement of the cause upon the original indictment was not improper.

This Court has jurisdiction to consider the applications for issuance of the writs of mandamus and prohibition sought by petitioner under the authority of Article 5, § 5 of our State Constitution.[4] See generally *Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr. App.1978); and *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex.Cr.App.1978) (Onion, P. J., concurring). Our determination, however, as to whether the writs sought by petitioner will issue, must entail as a preliminary matter an analysis of the nature of the jurisdiction of district courts, such as that over which respondent presides.

■ In 1928, this Court observed in *Ex parte Armstrong*, 110 Tex.Cr.R. 362, 8 S.W.2d 674, 675, 676 (1928),

Jurisdiction may be concisely stated to be the right to adjudicate concerning the *subject matter* in a given case. [Citation omitted] Unless the power or authority of a court to perform a contemplated act can be found in the *Constitution or laws enacted thereunder*, it is without jurisdiction and its acts without validity.

See also *Solon v. State*, 5 Tex.App. 301 (1878). Article 5, § 8 of the Texas Constitution provides that "[t]he District Court shall have original jurisdiction in all criminal

cases of the grade of felony; . . . ." Similarly, Article 4.05, V.A.C.C.P. prescribes:

District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony,

. . .

Jurisdiction of the subject matter cannot be conferred by agreement; this type of jurisdiction exists by reason of the authority vested in the court by the Constitution and statutes. *Ex parte Caldwell*, 383 S.W.2d 587 (1964); *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641 (1933); *Ex parte Armstrong*, supra.

■ Furthermore, it is well settled that a valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a criminal case. *North v. State*, 598 S.W.2d 634 (Tex.Cr. App.1979); *Lackey v. State*, 574 S.W.2d 97 (Tex.Cr.App.1978); *Menefee v. State*, 561 S.W.2d 822 (Tex.Cr.App.1978); *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974); *Bruce v. State*, 419 S. W.2d 646 (Tex.Cr.App.1967); see also *Lott v. State*, 18 Tex.App. 627 (1885). Unlike in civil cases where personal jurisdiction over a party may be had merely by that party's appearance before the court, Rule 120, Vernon's Texas Rules of Civil Procedure, criminal jurisdiction over the person cannot be conferred upon the district court solely by the accused's appearance, but requires the due return of a felony indictment, or the accused's *personal* affirmative waiver thereof and the return of a valid felony information upon complaint. *Lackey v. State*, supra; *Ex parte Sandoval*, 167 Tex. Cr.R. 54, 318 S.W.2d 64 (1958).

■ The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions "and to do any and all things with

4. "Subject to such regulations as may be prescribed by law, regarding criminal matters the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writs of habeas corpus, *mandamus*, procedendo, *prohibition*, certiorari, and other such writs as may

be necessary to protect its own jurisdiction or enforce its judgments." Article 5, § 5, supra, effective January 1, 1978. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law." *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1069 (1926). See also *Morrow v. Corbin,* supra. A Court's having possession and jurisdiction of a case, that *jurisdiction embraces everything in the case* and *every question arising* which can be determined in the case, *until it reaches its termination* and the jurisdiction is thereby exhausted. *Cleveland v. Ward,* supra.

■ Further encompassed by jurisdiction is the court's authority "to carry the sentence or judgment of the court into execution. *Jurisdiction,* it is agreed, *includes the power to determine either rightfully or wrongfully. It can make no difference how erroneous the decision may be.*[5] [Citations omitted] . . . [J]urisdiction . . . [m]oreover . . . includes the power to decide as to the law of the case as well as the effect of the facts in issue." *Morrow v. Corbin,* supra, at 644, 645. See also *Cleveland v. Ward,* supra.

■ There can be no question under the foregoing principles, that Judge Dial had the jurisdiction to grant petitioner's motion to set aside the indictment against him, and we accordingly hold that the fact that respondent's exercise was based upon an erroneous interpretation of the applicable law in no way affected the validity of his order of dismissal.[6]

We turn now to the question of the effect of Judge Dial's order of dismissal of the prosecution against petitioner.

■ It is well settled that when a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment or information, the person accused thereunder is, in law, discharged from the accusation against him; there is, concomitant to such dismissal, no case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court. See, e. g., *Flores v. State,* 487 S.W.2d 122 (Tex.Cr.App.1972); *Pugh v. State,* 163 Tex.Cr.R. 258, 289 S.W.2d 929 (1956); *Ringer v. State,* 137 Tex.Cr.R. 242, 129 S.W.2d 654 (1938); *Turner v. State,* 21 Tex.App. 198, 18 S.W. 96 (1886); *Venters v. State,* 18 Tex.App. 198 (1885). Compare Article 44.31, V.A.C.C.P.

■ Furthermore, it is likewise axiomatic that where there is no jurisdiction, "the power of the court to act is as absent as if it did not exist," *Ex parte Caldwell,* supra at 589, and any order entered by a court having no jurisdiction is void. E. g., *Ex parte Sandoval,* supra; *Ex parte Armstrong,* supra. We accordingly conclude that, after respondent Dial dismissed the indictment against petitioner, the jurisdiction of the district court in Cause Number 78–CR–1183 was exhausted and the order entered thereafter purporting to reinstate that cause was void and of no effect. Cf. *Matthews v. State,* 40 Tex.Cr.R. 316, 50 S.W. 368 (1899).[7]

5. "[B]ecause jurisdiction relates not to the rights of the parties as between themselves, but *rather to the power of the court over the parties and the subject matter of the litigation, lack of jurisdiction and the improper exercise of jurisdiction are vitally different concepts,* and jurisdiction includes the power to determine a case either rightly or *wrongfully.*

If *the court has jurisdiction* of the parties and subject matter *its determination* of the controversy *is not void no matter how erroneous the decision may be.* On the other hand, judicial action without jurisdiction is void; where the court is without jurisdiction it has no authority to render any judgment other than one of dismissal. . . ." 15 Tex.Jur.2d § 50, pp. 475–477.

6. It is not asserted by the State, nor does the record indicate in any manner the possibility,

that respondent Dial's authorization of the dismissal of the indictment and the prosecution *against petitioner was a "clerical," as opposed* to "judicial" error. Thus, we do not pass upon the effect of a dismissal shown to be an error of the former nature.

7. In *Matthews v. State,* supra, this Court held that after the trial court granted a motion for new trial, there is no provision in the criminal law which would empower the trial court to call the case up, set the order granting the motion aside and then proceed to sentence the accused. The reasoning of that case has equal application to the one before us; stated the Court at 369:

"... . [*W*]*hat writ can the court issue to bring the defendant before it in order to reconsider the motion for new trial*? No writ

In light of our analysis of the posture of this cause in the trial court, we now proceed to determine the merits of the extraordinary relief sought by petitioner in this Court.

■ Initially we note that in determining the specific nature of the extraordinary remedy sought, this Court will not be limited by the denomination of petitioner's pleadings, but will look to the essence of the pleadings, including the prayers, as well as the record before us. *Vance v. Clawson*, 465 S.W.2d 164 (Tex.Cr.App.1971). See, e. g., *Broggi v. Curry*, 571 S.W.2d 940 (Tex.Cr. 1978).

The writ of prohibition appropriately issues to "prevent the commission of a future act and not to undo, nullify, or review an act already performed; it will not be granted when the act sought to be prevented is already done, but will lie when such act is not a full, complete, and accomplished judicial act." *Vance v. Clawson* at 168, 169; *Smith v. Blackwell*, 500 S.W.2d 97 (Tex.Cr. App.1973).

■ It is apparent that petitioner herein primarily seeks a writ from this Court which would set aside respondent's order reinstating Cause Number 78–CR–1183 on the court's docket; because that order is already entered, the relief sought in this regard is mandamus. *Vance v. Clawson*, supra.

■ In *Vance v. Routt*, 571 S.W.2d 903, 907 (Tex.Cr.App.1978), this Court observed: Mandamus will not issue to compel a discretionary as distinguished from a ministerial act.[8] The writ may issue in some instances to compel the entry of a judgment, but it will not [generally] be issued to compel the entry of a specified type of judgment. * * * A Court may [however], be directed by mandamus to enter a particular judgment if that judgment is the *only proper one that can be rendered* in the circumstances[9] and there is no other adequate remedy.

It is evident that, under the facts and law applicable to the instant case, respondent Dial, having lost jurisdiction of Cause Number 78–CR–1183, has the authority to do nothing other than order the dismissal of the reinstatement of that cause. See, e. g., *Ex parte Caldwell*, supra. We hold that the entry of such order of dismissal under these circumstances is strictly ministerial in nature. See *Vance v. Routt*, supra; and n. 5, supra.

Finally, having determined that the relief sought by mandamus herein constitutes a ministerial act on the part of respondent, we consider whether petitioner has any adequate legal remedy other than our issuance of that writ.

As in *Vance v. Routt*, supra, it is clear that petitioner has no right of appeal from respondent's order reinstating the cause against him.[10] However, it might be argued that this Court's decision in *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979) should apply here, because in the event petitioner is convicted in Cause Number 78–CR–1183, he would be entitled to have the action of which he now complains reviewed by this Court upon a direct appeal of that conviction. The issue then is whether such an appeal would constitute an "adequate remedy at law" under the facts presented here.

To supersede the remedy of mandamus, "there must exist, not only a remedy by

is provided by . . . statute, and we take it that *there would be no procedure to arrest the defendant, and bring him before the court, in order to review the former action of the court granting a new trial. * * * [F]rom a reading of the statutes . . . we believe it was intended that the action of the court in granting a new trial should be final."*

8. See, e. g., *Williams v. Placke*, 587 S.W.2d 166 (Tex.Cr.App.1979); *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979) [wherein man-

damus relief denied to compel a discretionary act].

9. See, e. g., *Vance v. Routt*, supra; *Vance v. Clawson*, supra, [wherein mandamus issued to compel the entry of the only proper order which trial court could make in the circumstances].

10. See *Ex parte Paprskar*, 573 S.W.2d 525 (Tex. Cr.App.1978) [wherein the constitutional or statutory right to appeal limits that remedy].

appeal, but the appeal provided for must be competent to afford relief on the very subject matter of the application; * * * Such other remedy must not only be an adequate remedy in the general sense of that term, but it must be specific and appropriate to the circumstances of the particular case. It must be such a remedy as is calculated to afford relief on the very subject of the controversy." *Cleveland v. Ward*, supra, at 1068.

> 'The controlling question is not, "Has the party a remedy at law?" but "Is that remedy *fully commensurate with the necessities and rights* of the party under all the circumstances of the particular case?" '

*Id.* at 1068, 1069.

In the instant case, it is plain that should petitioner be tried upon the reinstated indictment, the entire proceeding would be null and void because the indictment is a nullity and the trial court without jurisdiction. Article 36.11, V.A.C.C.P., provides:

> If it appears during a trial that *the court has no jurisdiction* of the offense, . . . the jury shall be discharged. The accused shall also be discharged, but *such discharge shall be no bar in any case to a prosecution before the proper court for any offense* unless termination of the former prosecution was improper.

Clearly, then, such a trial of petitioner would not bar his subjection to still another trial for the same offense, even if petitioner were acquitted.

In the event petitioner were convicted, it is true that he could in this Court eventually attack the jurisdiction of the trial court upon direct appeal; however, we cannot say that an appeal from a void proceeding would be commensurate with petitioner's necessities and rights under the circumstances of this particular case. Accordingly we hold that a direct appeal from a void proceeding does not constitute an adequate remedy at law which would appropriately supercede the remedy of mandamus sought by petitioner here at this time.

Having found that respondent is authorized only to dismiss the indictment in

Cause Number 78–CR–1183, that such dismissal would constitute a ministerial act, and additionally, that petitioner has no other adequate remedy at law, mandamus is available to correct respondent Dial's void act of reinstating the cause against petitioner. For this reason, we need not consider the relief sought by petitioner to prohibit his trial upon Cause Number 78–CR–1183.

Having determined that petitioner is entitled to a writ of mandamus directing respondent to set aside the order rendered November 2, 1978 in Cause Number 78–CR–1183 and to dismiss that cause, we grant the writ of mandamus. But since we assume that respondent will act accordingly the writ will issue only in the event of failure to comply with our direction.

DOUGLAS and DALLY, JJ., concur in result.