**Paul Bradley WOLFF, Applicant,**

v.

**Jimmie THORNTON, County Judge, Respondent.**

**No. 69286.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

---

See also, 670 S.W.2d 764.

Travis E. Kitchens, Jr., Groveton, for applicant.

Mike Driscoll, Dist. Atty. and Roderick Q. Lawrence, Asst. County Atty., Houston, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**PER CURIAM.**

This action seeks to invoke the Court's original jurisdiction pursuant to Article 5, § 5, Tex. Const. to issue writs of mandamus and prohibition.[1]

Specifically, applicant—who stands charged with the offense of driving while intoxicated in Respondent's court—filed a motion which averred the following:

> "Now comes the Defendant... and respectfully moves this Honorable Court to transfer this misdemeanor offense, to which said offense the Defendant hereby enters a plea of not guilty, to a District Court having jurisdiction in this County, pursuant to Article 4.17, Texas Code of Criminal Procedure."[2]

Respondent, Judge Thornton, however, denied applicant's motion, refused to reconsider his ruling and set the cause for trial.

Applicant now contends he will be denied due process and equal protection of law if he is compelled to be tried in a court presided over by a judge who is not a lawyer. Further, applicant argues at length that the "may transfer" language of Article 4.17, supra, was intended by the Legislature to be a mandatory duty to transfer the case upon proper motion.

However, applicant fails to point to any reason why his contention cannot be adequately determined on direct appeal,

1. Article 5, § 5, supra, provides in relevant part:
   "Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. * *"

2. Article 4.17, V.A.C.C.P., entitled "Transfer of Driving While Intoxicated Cases," effective January 1, 1984, provides:
   "On a plea of not guilty to a misdemeanor offense under Article 67011-1, Revised Statutes, entered in a county court of a judge who is not a licensed attorney, on the motion of the state or the defendant, the judge *may* transfer the case to a district court having jurisdiction in the county or to a county court at law in the county presided over by a judge who is a licensed attorney. The judge may make the transfer on his own motion."
   (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

and we independently perceive none. It is axiomatic that actions seeking writs of prohibition and mandamus are extraordinary and those writs are available only to parties illustrating clearly they have no other adequate remedy at law. E.g., *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980) and *White v. Reiter*, 640 S.W.2d 586 (Tex. Cr.App.1982) (opinion after remand). *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr. App.1979).

█ Accordingly, this contention is not the proper subject of extraordinary relief in this or any other court, and, as such, this cause was improvidently filed and set. It is ordered dismissed.