**The STATE of Texas, ex rel. John B. HOLMES, Jr., District Attorney, Harris County, Texas, Relator,**

v.

**Lupe SALINAS, Judge, 351st District Court, Harris County, Texas, Respondent.**

No. B14–89–00440–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 20, 1989.

Rehearing Denied Aug. 17, 1989.

John B. Holmes, Jr., Dist. Atty., Calvin Hartman, Asst. Dist. Atty., Houston, for relator.

David A. Jones, Houston, J. Brent Liedtke, Humble, Ted Doebbler, Adm'r., Houston, for respondent.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

MURPHY, Justice.

We lack jurisdiction to address the merits of this mandamus proceeding and therefore withdraw our previous order granting relator leave to file his petition for writ of mandamus.

Relator is John B. Holmes, Jr., District Attorney for Harris County. Respondent is the Honorable Lupe Salinas, Judge of the 351st District Court of Harris County. Holmes asks that we order Judge Salinas to vacate pre-trial orders granted in favor of George Michael Brown and Daniel A. Catalon, the real parties in interest. Felony complaints are currently pending against Brown, in Cause No. 527,238 and Catalon, in Cause No. 526,361.

Judge Salinas entered the orders in response to similar motions filed by Brown and Catalon. Both motions recited that return of indictment by the grand jury had not yet occurred and requested an examining trial pursuant to TEX.CODE CRIM.PROC. ANN. art. 16.01 (Vernon Supp.1989). *See White v. State*, 576 S.W.2d 843, 844 (Tex. Crim.App.1979) (en banc) (citing "well established" principle that Article 16.01 entitles the accused to an examining trial before indictment). But because return of an indictment by the grand jury terminates any right to an examining trial, *Id.*, the motions requested additional relief: both Brown and Catalon asked Judge Salinas to secure their rights to an examining trial by ordering District Attorney Holmes not to present the case to the grand jury until after an examining trial could be held.

Judge Salinas entered orders in each case. Each order set the case for an examining trial and restrained District Attorney Holmes from "making any effort to obtain from the Grand Jury an indictment prior to the completion of an examining trial ... conducted pursuant to [Article 16.01]." Relator Holmes promptly sought leave to file a petition for writ of mandamus with this court. On May 18, 1989, a majority of a panel of this court granted Holmes leave to file. Pending disposition of this proceeding, we also stayed Judge Salinas from conducting the examining trials and stayed Holmes from presenting either case to the grand jury or otherwise seeking indictment.

Relator Holmes maintains Judge Salinas abused his discretion by restraining the office of the district attorney from presenting either case to the grand jury, under TEX.CODE CRIM.PROC.ANN. art. 20.09 (Vernon 1977), notwithstanding the accused's "right" to an examining trial, under TEX. CODE CRIM.PROC.ANN. art. 16.01. We conclude our lack of jurisdiction prevents our addressing these issues.

Holmes maintains we derive jurisdiction from TEX.CONST. art. V § 6; TEX.GOV'T CODE ANN. § 22.221 (Vernon 1988); TEX. CODE CRIM.PROC.ANN. art. 4.03 (Vernon Supp.1989); TEX.R.APP.P. 121. We dis-

agree. Article V, Section 6 of the Texas Constitution grants us original and appellate jurisdiction, "as may be prescribed by law," but TEX.CODE CRIM.PROC.ANN. art. 4.03 addresses only our appellate jurisdiction and TEX.R.APP.P. 121 addresses only the procedural requisites governing mandamus proceedings. Accordingly, the dispositive jurisdictional issue is whether TEX. GOV'T CODE ANN. § 22.221 enables us to issue a writ of mandamus against Judge Salinas.

Although TEX.GOV'T CODE ANN. § 22.221(a) authorizes mandamus and other writs to enforce our jurisdiction, that subsection does not apply to this case because it presumes jurisdiction is otherwise proper. Pursuant to Section 22.221(b),

> Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, *against a judge of a district or county court in the court of appeals district* (emphasis added).

District Attorney Holmes maintains Subsection (b) empowers us to issue the writ because Judge Salinas is a district judge and presides over the 351st district court. Judge Salinas is clearly a district judge by title and office. But he also functions as a magistrate at the pre-trial stage of a criminal case pursuant to TEX.CODE CRIM.PROC. ANN. art. 2.09 (Vernon Supp.1989). A magistrate is not a district judge. Indeed, jurisdiction attaches in the district court only after the grand jury returns indictment. *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim.App. [Panel Op.] 1980) ("valid indictment ... is essential to the district court's jurisdiction in a criminal case"). The district attorney has therefore asked us to issue a writ of mandamus against Judge Salinas because of his ostensible title and notwithstanding his lack of district court jurisdiction over either case.

As Holmes concedes in his brief, Judge Salinas was "sitting as a magistrate" when he entered the orders. In our opinion, the judge's *title* alone will not suffice to confer jurisdiction pursuant to Section 22.221(b) because Judge Salinas was *functioning*

only as a magistrate at that pre-indictment stage when he entered the orders. We construe Section 22.221(b) as requiring that district and county judges be functioning in that capacity, rather than as magistrates, in order to be subject to writs of mandamus by this court.

In *Welder v. Fritz*, 750 S.W.2d 930 (Tex. App.—Corpus Christi 1988, original proceeding), our sister court concluded Section 22.221(b) barred their considering a request for a writ of mandamus against a family court master appointed pursuant to TEX. GOV'T CODE ANN. § 54.001 (Vernon 1988). *Welder* is immediately distinguishable from this case because the master lacked the requisite title but arguably functioned as a district court judge, while Judge Salinas has the proper title, but functioned only as a magistrate. But *Welder* and this case are consistent in that both strictly construe exercise of the original jurisdiction afforded courts of appeals by the Texas Constitution and the Government Code. In our opinion, narrow construction of Section 22.-221 is consistent with the traditional concept that mandamus is an extraordinary remedy that will issue only in a proper case.

We therefore hold that we lack jurisdiction to issue a writ of mandamus against Judge Salinas pursuant to Section 22.221(b) of the Government Code because, notwithstanding his title, he lacked jurisdiction as a district judge when he entered the orders in the *Brown and Catalon* cases. Since we improvidently granted Holmes leave to file his petition for writ of mandamus, we withdraw our May 18, 1989, order granting him leave to file and also rescind our May 18, 1989, stay orders entered on that date in this cause. We therefore deny relator leave to file his petition for writ of mandamus against Judge Salinas.