Opinion issued August 7, 2003





 




In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01137-CR
____________

JORGE LUIS SILVA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 921342



 
MEMORANDUM OPINION ON MOTION FOR REHEARING
               On January 30, 2003, we issued a memorandum opinion dismissing the
above-referenced appeal on the grounds that appellant had waived his right to appeal
when he pleaded guilty as part of a plea-bargain agreement. Appellant’s counsel filed
a timely motion for rehearing, in which he argued that the trial court did not have
jurisdiction over the case and that appellant’s waiver of his right to appeal was
unenforceable. Having previously granted rehearing, we withdraw our opinion and
judgment of January 30, 2003, and issue this opinion in its stead. We reverse the
judgment of conviction and render a judgment of acquittal.
Background
               In response to our order issued on February 27, 2003, the State filed a
response, in which it contends that appellant’s motion for rehearing is well-taken “to
the extent that appellant’s waiver of his right of appeal was affected by the [d]istrict
[c]ourt’s lack of jurisdiction.” On April 10, 2003, we issued an order granting
appellant’s motion for rehearing, ordered appellant’s previously submitted brief filed
as of that date, and ordered the State’s brief due on May 10, 2003. On June 19, 2003,
we issued an additional order notifying the State that its brief was past due, that the
Court would consider setting this appeal for submission unless the State filed its brief
within 20 days, or by July 11, 2003, and that the case would be considered on the
record and the appellant’s brief alone if the State did not file a brief two weeks before
the submission date. On July 11, 2003, we notified appellant and the State that this
case would be submitted on August 4, 2003.
Trial-Court Jurisdiction
               Appellant’s contention on rehearing is that the district court lacked
jurisdiction to consider appellant’s case because he was charged with a misdemeanor
offense. Appellant was charged with possession of a switchblade knife, and his plea-agreement papers recite that offense. Possession of a switchblade knife is a class A
misdemeanor. Tex. Pen. Code Ann. § 46.05(a)(5), (e) (Vernon 2003). A district
court’s jurisdiction is limited to felony cases, except for instances that do not apply
here. Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2003). 
               Because the trial court had no jurisdiction over the charged misdemeanor
offense, any action taken by the trial court was void. See Garcia v. Dial, 596 S.W.2d
524, 528 n.5 (Tex. Crim. App. [Panel Op.] 1980). The trial court had no jurisdiction,
therefore, to act in response to appellant’s plea agreement with the State by which
appellant purported to waive his right to appeal. 
               Accordingly, we reverse the judgment of conviction and render a judgment
of acquittal.
Conclusion
               We reverse the judgment of the trial court and render a judgment of
acquittal.
 
Elsa Alcala
Justice


Panel consists of Justices Hedges, Jennings, and Alcala. 

Do not publish. Tex. R. App. P. 47.2(b).