NO. 07-04-0032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 24, 2004

_____

THE STATE OF TEXAS, APPELLANT

V.

BRENDA THAXTON, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 3676; HONORABLE RON ENNS, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This is an appeal by the State from the trial court's order granting appellee Brenda

Thaxton's motion to enforce a plea agreement. With three issues, the State contends: (1)

the court's order of February 23, 2004 is appealable; (2) the court has no authority to

enforce a plea agreement it never accepted; and (3) the court lacks jurisdiction to enter a plea in a dismissed case. We vacate the court's order.

On May 30, 2001, appellee was indicted for abandoning a child in cause number 3540 for her part in the death of her two year old son at the hands of her boyfriend and co-defendant, Nathan Felder. In April of 2002, Dallam County District Attorney David Green extended a written plea offer to appellee. Under the terms of the offer, the State agreed to recommend that the court assess a ten year sentence in exchange for appellee's guilty plea and pledge to testify in the capital murder case against Felder "truthfully in conformity with the oral and written statements she gave to investigators."[1]

In October of 2002, appellee, accompanied by her attorney, provided a tape-recorded statement to investigators with the Attorney General's Office. Although Green was handling appellee's prosecution at the time, Assistant Attorneys General Laura Popps and John Neal had been appointed district attorneys *pro tem*[2] in, and were responsible for, the prosecution of Felder. During the interview, Popps and Neal confronted appellee with letters she had written Felder while he was in jail awaiting trial and on the inconsistencies between her current and former statements. Following the interview, Popps and Neal

---

[1]Appellee maintains that this was a written confirmation of a verbal offer Green extended to her in February of 2002. Though providing no record reference for the assertion, she contends that, after discussing the offer with her attorney, she decided to accept it, and that her attorney "immediately communicated this acceptance to [Green] in a face-to-face conference."

[2]*See* Tex. Code Crim. Proc. Ann. art. 2.07(a) (Vernon 1977).

spoke with appellee's attorney and voiced their reluctance to utilize appellee's testimony at trial and expressed their concern that she was not "being completely forthcoming and truthful." In November of 2002, Popps advised appellee's attorney that she intended to seek an indictment against appellee for injury to a child. After the grand jury returned the new indictment on November 14, 2002, the State filed, and the court granted, a motion to dismiss cause number 3540, the abandoning a child case, on the basis that the "case has been re-indicted in Cause Number 3676." After Green filed a motion to recuse himself from the prosecution of appellee, the court, on December 4, 2002 appointed Popps and Neal as district attorneys *pro tem* to handle appellee's prosecution in addition to Felder's.

In July of 2003, appellee filed a motion in cause number 3540 to enforce the plea agreement and requested "that the Court grant this motion and accept [appellee's] plea in accordance with this agreement, including the dismissal of case no. 3676 . . . . " At a pretrial hearing, the State responded that, because the plea offer was withdrawn prior to its acceptance by the trial court, no plea bargain existed for the court to enforce. The State further argued that the court had no jurisdiction to reinstate a case it had previously dismissed. On December 30, 2003, the court sent a letter to the parties indicating that it had "determined that the Motion to Enforce Plea Agreement by [appellee] should be granted." Believing the letter constituted an order dismissing cause number 3676, the State filed a notice of appeal with this Court in January of 2004 seeking a reversal of the

3

court's decision.[3]  On February 23, 2004, the trial court signed an actual order granting appellee's motion to enforce the plea agreement.

The State contends by its first issue that "[t]he trial court's February 23, 2004 order is appealable."  We agree.  At the outset, we note that although appellee filed her motion to enforce the plea agreement in cause number 3540, the order granting the motion was filed in cause number 3676.  The State suggests, and we, again, agree, that "[t]he fact that entry of the order was made in Cause No. 3676 is likely nothing more than the trial court's acknowledgment that it cannot enter an order in a non-existent case."  Because it appears from the record that appellee only filed a motion to enforce the plea agreement in cause number 3540, and since the "Order Granting Defendant's Motion to Enforce Plea Agreement" specifically refers to that motion, we conclude the order pertains to cause number 3540.[4]

---

[3]The State maintains, and we agree, that appellee, by failing to argue to the contrary, has "conceded that the State's notice of appeal from the trial court's December 30, 2003 letter is sufficient" to vest this Court with jurisdiction.  Thus, assuming *arguendo* that the court's December 30, 2003 letter granting appellee's motion to enforce the plea agreement was not an order from which an appeal could be predicated, the State's premature filing would be deemed to be filed on the same day, but after the appealable order was signed by the trial court, in this case on February 23, 2004.  Tex. R. App. P. 27.1(b).

[4]In resolving this issue, we also find it significant that, by appellant's own admission at oral arguments, the parties never engaged in plea negotiations in cause number 3676. Thus, there exists no plea agreement for the court to enforce in that case.

Next, we acknowledge that the State is entitled to appeal an order of a court in a criminal case if it "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon 2003). Appellee maintains that the court's February 2004 order did not dismiss cause number 3676. However, because the order granted appellee's motion to enforce the plea agreement without reservation, and since that motion requested "the dismissal of case no. 3676," we conclude the order did just that. Then, because dismissal of an indictment is one of those actions by a trial court from which the State may appeal, we conclude the State's appeal is properly before this Court.

By its third issue, the State maintains the court had no jurisdiction to enter a plea in a previously dismissed case. We agree. In criminal cases the presentment of an indictment invests the trial court with jurisdiction of the cause. Tex. Const. art. V, 12(b). The filing of the indictment is essential to vest the trial court with jurisdiction over a felony offense. *See Ex parte* Dobbs, 978 S.W.2d 959, 960 (Tex.Cr.App. 1998). When a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment or information, there is, concomitant to the dismissal, no case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court. *See* Garcia v. Dial, 596 S.W.2d 524, 528 (Tex.Cr.App. 1980). Where there is no jurisdiction, the power of the court to act is as absent as if it did not exist. *Id*. Furthermore, any order entered by a court having no jurisdiction is void. *Id*. Here, when the court, upon motion by the State, dismissed the indictment against appellee in cause number 3540, its jurisdiction in that

5

case was exhausted. Therefore, the order purporting to grant appellee's motion to enforce the plea agreement was void and of no effect. *Id*. Correspondingly, the dismissal of the indictment in cause number 3540 had the effect of rendering the plea agreement moot. *Cf*. Camerena v. Texas Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988) (holding that appellate courts do not decide cases in which no case or controversy exists between the parties). The State's third issue is sustained. Our resolution of this point precludes consideration of the State's second issue.

Accordingly, the court's February 23, 2003 Order Granting Defendant's Motion to Enforce Plea Agreement is vacated.

Don H. Reavis
Justice

Do not publish.

6