NO. 12-05-00099-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
LAWRENCE E. FINKELSTEIN,                      §                APPEAL FROM THE SECOND
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                CHEROKEE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Lawrence Finkelstein was convicted of the felony offense of making a false
statement to obtain property or credit and was sentenced to ten years of imprisonment, probated for
ten years. Appellant was also ordered to pay restitution in the amount of $52,844.94. Appellant raises
six issues for review. We reverse the judgment of conviction and render a judgment of acquittal.
 
Background
            On August 25, 2003, Appellant was indicted for the third degree felony offense of making a
false statement to obtain property or credit. Specifically, the indictment alleged that
 
on or about the 20TH day of JUNE, 1997, and before the presentment of this indictment in the County
and State aforesaid, [Appellant] did then and there intentionally or knowingly make a materially false
or misleading statement to LORETTA SORENSON and/or the CRAFT TURNEY WATER SUPPLY
BOARD, namely Agreement of Sale and Purchase dated June 20, 1997 with the intent to obtain
property, namely money and/or checks worth $20,000 or more but less than $100,000 for himself or
others, [and that]
 . . . .
on or about the 25th day of June, 1997, in said county and state, and anterior to the presentment of this
indictment, [Appellant] did then and there intentionally or knowingly make a materially false or
misleading statement to CARL SORENSON and/or LORETTA SORENSON, namely agreement of sale
and purchase dated June 25, 1997 with the intent to obtain property, namely money and/or checks worth
$20,000 or more but less than $100,000 for himself or others.


            Appellant pleaded “not guilty” to the offense and elected to have his case tried to a jury. On
January 11, 2005, Appellant’s case went to trial. At the conclusion of the trial, the jury found
Appellant “guilty” of the offense charged and sentenced him to imprisonment for ten years, probated
for ten years. Appellant was also ordered to pay restitution in the amount of $52,844.94.
            On appeal, Appellant contends that 1) he received ineffective assistance of counsel as required
by the Sixth Amendment to the United States Constitution, 2) he received ineffective assistance of
counsel as required by Article 1, Section 10 of the Texas Constitution, 3) the trial court erred by
failing to grant his motions for new trial, 4) the conviction and sentence should be reversed because
the trial court was without jurisdiction of the case, and 5) the evidence was legally and 6) factually
insufficient to support the jury’s verdict. The disposition of this case lies solely in our discussion of
the trial court’s jurisdiction over this case; therefore, we will not address Appellant’s unrelated issues.
 
Did the District Court Have Jurisdiction Over Appellant’s Case?



            In his fourth issue, Appellant contends that on June 20 and 25, 1997, the dates of the offense
alleged in the indictment, the offense of making a false statement to obtain property or credit was a
misdemeanor; therefore, the district court did not have jurisdiction over the charged offense. We
agree.
            In criminal cases, the original jurisdiction of district courts is limited to felony offenses and
misdemeanor offenses 1) involving official misconduct and 2) transferred to the district court under
Article 4.17 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005). In 1997, when Appellant allegedly committed the offense, the offense was deemed
to be a class A misdemeanor, regardless of the value of the property allegedly obtained. See Act
approved June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 937 (amended 2001) (current
version at Tex. Pen. Code Ann. § 32.32 (Vernon 2003)). 
            In 2001, the Legislature amended section 32.32 to reflect increasing levels of punishment
according to the value of the property obtained. See Act of May 24, 2001, 77th Leg., R.S., ch. 1245,
2001 Tex. Gen. Laws 2934, 2936. Appellant’s alleged offense was deemed a third degree felony
because the value of the property obtained was $20,000.00 or more but less than $100,000.00. See 
Tex. Pen. Code Ann. § 32.32(c)(5). The 2001 Act amending section 32.32 also stated that “[t]he
change in law made by [the Act] applies only to an offense committed on or after the effective date
of [the Act]” and that “[a]n offense committed before the effective date of [the Act] is covered by the
law in effect when the offense was committed, and the former law is continued in effect for that
purpose.” See Act of May 24, 2001, 77th Leg., R.S., ch. 1245, § 4, 2001 Tex. Gen. Laws 2934, 2936. 
The plain language of the enabling legislation for the 2001 amendments to section 32.32 specifically
mandates that Appellant’s alleged offense committed in 1997 was a class A misdemeanor offense and
not a felony. Accordingly, the district court did not have jurisdiction to consider Appellant’s case.
            Because the trial court did not have subject matter jurisdiction over the charged misdemeanor
offense, any action taken by the trial court was void. See Nix v. State, 65 S.W.3d 664, 668 (Tex.
Crim. App. 2004) (a judgment of conviction for a crime is void when the trial court lacks subject
matter jurisdiction over the offense charged, “such as when a misdemeanor involving official
misconduct is tried in a county court at law”); Garcia v. Dial, 596 S.W.2d 524, 528 (Tex. Crim. App.
[Panel Op.] 1980) (where there is no jurisdiction, “the power of the court to act is as absent as if it did
not exist,” and any order entered by a court having no jurisdiction is void). Accordingly, we reverse
the judgment of conviction and render a judgment of acquittal.
 
Disposition
            The judgment of conviction is reversed and a judgment of acquittal is rendered.
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
Opinion delivered January 18, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(DO NOT PUBLISH)