**Opinion filed October 15, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00169-CV

_____

## IN RE THE STATE OF TEXAS EX REL. MICHAEL MUNK

### Original Mandamus/Prohibition Proceeding

### O P I N I O N

This is an original mandamus/prohibition proceeding filed by Relator, the State of Texas, acting by and through the District Attorney for the 106th Judicial District, Michael Munk. Relator contends that Respondent, the Honorable Carter T. Schildknecht, Judge of the 106th District Court of Dawson County, Texas, entered a void order on July 22, 2015, requiring Relator to provide discovery pursuant to Texas Code of Criminal Procedure Article 39.14(a). TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West Supp. 2014). Relator asserts that the order was void because Respondent did not have jurisdiction to enter it. Relator seeks a "writ of mandamus ordering the [trial] court to reverse its order of July 22, 2015, which requires the State to produce discovery for an unindicted case" and a "writ of prohibition

preventing the court from requiring that the State produce discovery for an unindicted case." Additionally, the State requested an emergency temporary stay of the proceedings. We granted the State's requested emergency stay in a separate written order entered on July 28, 2015. For the reasons expressed herein, we conditionally grant the petition for writ of mandamus, and we deny the petition for a writ of prohibition.

*Background Facts*

The real party in interest, Dimas Gonzalez, was arrested on May 17, 2015, for murder pursuant to an arrest warrant. Justice of the Peace Denise P. Dyess provided Gonzalez with the requisite magistrate warnings on May 18, 2015. *See* CRIM. PROC. art. 15.17 (West 2015). Gonzalez filed a "Request for Appointment of Counsel and Determination of Indigence" on May 18, 2015, and Respondent entered an "Order Appointing Attorney" on May 19, 2015, appointing attorney Arthur Aguilar Jr. as Gonzalez's attorney. Subsequently, attorney Daniel W. Hurley wrote a letter dated June 4, 2015, to District Attorney Michael Munk advising Munk that Hurley had been retained to represent Gonzalez. Hurley's letter indicated that it constituted Gonzalez's "formal request for discovery" pursuant to Article 39.14. Hurley's letter concluded with a request that Munk either comply with the request within fifteen days or that Munk file a formal motion and request a hearing seeking an extension of time for compliance.

Munk did not voluntarily comply with Gonzalez's request for discovery set out in Hurley's letter of June 4. Gonzalez subsequently filed a "Motion to Compel Discovery and to Impose Sanctions for Failure to Abide." Gonzalez styled the caption on this motion as follows: "CAUSE No. _____, *STATE OF TEXAS V. DIMAS GONZALEZ*, IN THE 106TH DISTRICT COURT OF DAWSON COUNTY, TEXAS." Respondent conducted a hearing on this motion on July 22, 2015. Respondent began the hearing with the following announcement: "Court calls the State of Texas versus

Dimas Gonzalez. And we are here on the motion, filed on behalf of the defendant, to compel discovery and to impose sanctions for failure to abide." The prosecutor that appeared at the hearing informed Respondent at the outset of the hearing that the State did not believe that the trial court had jurisdiction to consider Gonzalez's discovery motion because an indictment had not been filed. Respondent responded as follows to the prosecutor's contention: "And the Court is going to go ahead and proceed on the case. The Court, respectfully, does not agree with the State. The Court does believe it has jurisdiction and is going to proceed." Respondent entered a written order that same day granting Gonzalez's motion to compel discovery. The order required the State to provide Gonzalez with discovery on or before 5:00 p.m. on July 30, 2015.

*This Court's Mandamus Jurisdiction*

As a threshold issue, Gonzalez argues that we lack jurisdiction to issue a writ of mandamus because Respondent was not acting in her capacity as the judge of a district court but, rather, in her capacity as a magistrate. Section 22.221 of the Texas Government Code defines and limits our mandamus jurisdiction. *In re Thompson*, 330 S.W.3d 411, 414 (Tex. App.—Austin 2010, orig. proceeding); *see* TEX. GOV'T CODE ANN. § 22.221 (West 2004). Section 22.221 provides, in pertinent part, as follows:

> (a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

> (b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

>> (1) judge of a district or county court in the court of appeals district; or

(2) judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.

Gov't § 22.221(a), (b). We focus our attention on subsection (b) of Section 22.221 because there is no assertion that the issuance of the mandamus sought by Relator is necessary to enforce the jurisdiction of this court.

The leading case on the application of subsection (b) is *State ex rel. Holmes v. Salinas*, 774 S.W.2d 421 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding) (*Holmes I*). The Fourteenth Court of Appeals concluded that, under subsection (b), an intermediate court of appeals only has mandamus jurisdiction over district and county judges when they are functioning in that capacity. *Holmes I*, 774 S.W.2d at 422–23. Conversely, an intermediate court of appeals does not have mandamus jurisdiction over district and county judges when they are functioning as magistrates.[1] *Id.* The court determined that it did not have jurisdiction to issue a writ of mandamus against the respondent district judge in *Holmes I* because he was functioning as a magistrate when he entered the orders that were challenged.[2] *Id.*

The respondent district judge in *Holmes I* issued pre-indictment orders that restrained the Harris County district attorney from "making any effort to obtain from the Grand Jury an indictment prior to the completion of an examining trial" in cases involving two potential defendants. *Id.* at 422. The district attorney conceded that

---

[1]Subsection (b)(2) pertaining to district judges "acting as a magistrate at a court of inquiry" was added after *Holmes I* was decided. It has no application to this proceeding because there is no assertion that Respondent was acting as a magistrate of a court of inquiry.

[2]By contrast, the mandamus jurisdiction of the Texas Court of Criminal Appeals is not as restricted as our mandamus jurisdiction, as evidenced by the fact that the relator in *Holmes I* subsequently obtained mandamus relief from the court in *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421 (Tex. Crim. App. 1990) (orig. proceeding) (*Holmes II*), for the same orders challenged in *Holmes I*. *See State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 481 (Tex. Crim. App. 1985) (orig. proceeding) (Pursuant to Article V, section 5 of the Texas constitution, the Texas Court of Criminal Appeals has jurisdiction to issue writs of mandamus "in all criminal matters.").

4

the respondent district judge was "sitting as a magistrate" when he entered the challenged orders. *Id.* In reaching its holding, the Fourteenth Court of Appeals noted that district judges also function as a magistrate at times at the pretrial stage of a criminal case pursuant to Article 2.09 of the Texas Code of Criminal Procedure. *Id.* (citing CRIM. PROC. art. 2.09). The court further noted that jurisdiction attaches in the district court only after the grand jury returns an indictment. *Id.* (citing *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding)).

In reliance upon *Holmes I*, Gonzalez contends that, when a district judge acts before issuance of an indictment, the judge is acting under his or her authority as a magistrate. We disagree with Gonzalez's contention and reliance on *Holmes I*. As noted previously, the respondent district judge in *Holmes I* issued the challenged orders in connection with orders pertaining to an examining trial. The act of holding an examining trial is a function performed by a magistrate. CRIM. PROC. art. 16.01; *see Holmes II*, 784 S.W.2d at 424. "The duties and authority attendant to the role of magistrate 'within the meaning of' the Code of Criminal Procedure are clearly set out in Arts. 2.10 and 2.11." *Holmes II*, 784 S.W.2d at 424 (citing CRIM. PROC. arts. 2.10, 2.11 (West 2005)). A discovery order issued under the auspices of Article 39.14(a) is not a function associated with the role of a magistrate as set out in Articles 2.10 and 2.11.

Gonzalez contends that Respondent's issuance of the discovery order was akin to the act of a magistrate conducting an examining trial because an examining trial provides a "crude means for basic pre-indictment discovery." *See id.* (noting that an examining trial provided for in Article 16.01 "may be a practical tool for discovery by the defendant" (quoting *Harris v. State*, 457 S.W.2d 903, 907 (Tex.

Crim. App. 1970))). However, Respondent was not conducting an examining trial at the time the discovery order was issued. In this regard:

> The traditional and statutory purposes of an examining trial are (1) to determine whether there exists sufficient evidence of guilt to hold a suspect accused of criminal conduct; (2) to determine whether bail should be allowed and if so, the amount of bail; and (3) to perpetuate the testimony of witnesses, including any voluntary statement the suspect may wish to make.

*Id.* (citing *Harris*, 457 S.W.2d at 907 n.1). The only matter considered by Respondent at the hearing was Gonzalez's motion for discovery under Article 39.14(a). We conclude that Respondent was functioning in her capacity as the district judge of the 106th District Court at the time she considered Gonzalez's discovery motion. Accordingly, we have mandamus jurisdiction under Section 22.221(b) to review her actions.

### Writ of Mandamus

Mandamus is appropriate in a criminal proceeding when the relator establishes (1) "that he has no adequate remedy at law to redress the harm that he alleges will ensue" and (2) "that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding); *see State ex rel. Hill v. Ct. of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). Relator does not have an adequate remedy at law because the State does not have the right to appeal from the order entered by the trial court. CRIM. PROC. art. 44.01; *see Millsap*, 692 S.W.2d at 481. Accordingly, the first prong of the two-part test is established.

With respect to the second prong, "[f]or a court to act, it must have jurisdiction to do so. This is fundamental." *Millsap*, 692 S.W.2d at 482 (quoting *State v. Klein*, 224 S.W.2d 250, 252 (Tex. Crim. App. 1949)) (internal quotation marks omitted).

6

"Any order entered by a court having no jurisdiction is void." *Id.* (citing *Ex parte Sandoval*, 318 S.W.2d 64, 66 (Tex. Crim. App. 1958)). "If the court has no jurisdiction, it should proceed no further with the case other than to dismiss it for want of power to hear and determine the controversy. In such a case, any order or decree entered, other than one of dismissal is void." *Id.* (quoting *Hall v. Wilbarger Cnty.*, 37 S.W.2d 1041, 1046 (Tex. Civ. App.—Amarillo 1931), *aff'd*, 55 S.W.2d 797 (Tex. Comm'n App. 1932, judgm't adopted)) (internal quotation marks omitted). Accordingly, if Relator is correct in its assertion that Respondent did not have jurisdiction to enter the discovery order, it has established the second prong of the two-part test and is entitled to mandamus relief to compel vacation of Respondent's discovery order. *Id.*

This case involves the new discovery procedures that became effective with the passage of the Michael Morton Act. *See* Michael Morton Act, 83d Leg., R.S., ch. 49, 2013 Tex. Gen. Laws 106 (codified at CRIM. PROC. art. 39.14); *In re State ex rel. Munk*, 448 S.W.3d 687, 691 (Tex. App.—Eastland 2014, orig. proceeding). We direct our attention to subsection (a) of Article 39.14 that provides as follows:

> (a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do

7

not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state.

CRIM. PROC. art. 39.14(a).

Article 39.14(a) addresses *what* the State must produce and *when* the State must produce it. However, the statute does not address the manner by which the trial court may enforce the mandates of Article 39.14(a) by issuing an order compelling the State to comply with the statute. Gonzalez contends that the statute permits the trial court to issue an order prior to an indictment to compel compliance with the statute. We disagree with Gonzalez's interpretation of the statute.

"[I]t is well settled that a valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a criminal case." *Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009) (quoting *Garcia*, 596 S.W.2d at 527). "The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions 'and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law.'" *Garcia*, 596 S.W.2d at 527–28 (quoting *Cleveland v. Ward*, 285 S.W. 1063, 1069 (Tex. 1926)). In the absence of express language in Article 39.14(a) authorizing the trial court to issue an order compelling the State to produce discovery prior to indictment, we conclude that the statute does not alter the well-settled requirement that an indictment is essential to the district court's jurisdiction in a criminal case.

Respondent did not have jurisdiction prior to indictment to issue an order compelling Relator to comply with Article 39.14(a). Accordingly, Relator is entitled to mandamus relief. We conditionally grant Relator's petition for writ of mandamus. A writ will issue only if Respondent fails to vacate her July 22, 2015 order to produce

8

discovery. Our emergency stay of the enforcement of the "order to produce discovery" shall remain in place until Respondent vacates her July 22, 2015 discovery order.

## Writ of Prohibition

Relator also seeks a writ of prohibition to prohibit Respondent from requiring the State to provide discovery prior to indictment in future cases. We have previously held that the writ of prohibition is a creature of limited purpose that is appropriate only after an appellate court's jurisdiction has been invoked on independent grounds and then only in aid of that jurisdiction. *Munk*, 448 S.W.3d at 694; *see In re Munk*, No. 07-14-00308-CV, 2014 WL 4082109, at *4–5 (Tex. App.—Amarillo Aug. 15, 2014, orig. proceeding) (mem. op.) (citing *Holloway v. Fifth Ct. of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding)). An appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *Munk*, 448 S.W.3d at 694; *see In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding); *Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding).

Relator has not identified a pending proceeding over which this court has jurisdiction and by which this court might have jurisdiction to issue a writ of prohibition to prohibit a future act by Respondent. Furthermore, we have not found such a proceeding. Thus, we have no pending jurisdiction to protect or preserve by way of a writ of prohibition. That being the case, we lack jurisdiction to issue a writ of prohibition. Accordingly, we deny Relator's request to issue a writ of prohibition.

## This Court's Ruling

Relator's petition for writ of mandamus is conditionally granted. The Honorable Carter T. Schildknecht is directed to vacate her discovery order of

9

July 22, 2015. A writ of mandamus will issue only if Judge Schildknecht fails to act by October 30, 2015. Relator's request for a writ of prohibition is denied.


JOHN M. BAILEY

JUSTICE

October 15, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.