

# NUMBER 13-25-00603-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CYNTHIA DEGOLLADO AND ADRIAN DEGOLLADO

## ON PETITION FOR WRITS OF MANDAMUS AND PROHIBITION

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Cron[1]**

Pro se relators Cynthia Degollado and Adrian Degollado have filed a petition for writs of mandamus and prohibition in the above-referenced cause. They seek to compel the trial court "to cease all proceedings" and to prohibit "further unauthorized action[s] for lack of jurisdiction, improper venue, fraud on the court, misrepresentation, ultra vires conduct, and violations of [d]ue [p]rocess and the [Americans with Disabilities Act]."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). However, when a trial court's order is void, mandamus relief is appropriate, and the relator does not have to show that it lacks an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

A writ of prohibition "enable[s] a superior court to protect and enforce its jurisdiction and judgments" and is "typically used to protect the subject matter of an appeal or to prohibit unlawful interference with the enforcement of a superior court's orders and judgments." *Holloway v. Fifth Ct. of Apps.*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding); *see In re Tex. Dep't of Transp.*, 583 S.W.3d 794, 796 (Tex. App.—El Paso 2019, orig. proceeding). "An appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act." *In re State ex rel. Munk*, 494 S.W.3d 370, 376–77 (Tex. App.—Eastland 2015, orig. proceeding); *see In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding).

The relator bears the burden to establish the right to relief in an original proceeding, and that burden includes, *inter alia*, providing a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3 (stating that the petition "must" contain certain matters); 52.3(k) (listing the items that are "necessary" in an appendix), 52.7 (providing that the relator "must" file a record including specified documents); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a

pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writs of mandamus and prohibition and the applicable law, is of the opinion that relators have not met their burden to obtain relief. Relators' petition fails to comply with the foregoing requirements and they have furnished neither an appendix nor a record in support of their request for extraordinary relief. Accordingly, we deny the petition for writs of mandamus and prohibition.

JENNY CRON
Justice

Delivered and filed on the
17th day of November, 2025.