Opinion issued November 18, 2004.



     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00999-CR




DAVID GOMEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 935077




MEMORANDUM OPINION

          Appellant, David Gomez, pled guilty to aggravated robbery with a deadly
weapon, without an agreed punishment recommendation. After the pre-sentence
hearing, the trial court sentenced appellant to 30 years confinement in the Texas
Department of Criminal Justice-Institutional Division. 
           Appellant’s appointed counsel filed a brief stating that, in her opinion, the
appeal is frivolous. The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and stating why there are no arguable grounds for error on appeal. See Gainous v.
State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant filed a pro se brief.
          In three issues, appellant asserts that (1) his guilty plea was involuntarily or
illegally induced, (2) his trial counsel rendered ineffective assistance of counsel, and
(3) his due process rights were violated. We hold that appellant has raised no
arguable grounds for appeal.
Background
            At his original trial proceeding, appellant pled guilty to the offense of
aggravated robbery. The trial court accepted his plea and reset the case for
sentencing after a pre-sentence investigation (“PSI”) was conducted. Appellant
signed a “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession,” which stipulated that the acts alleged in the indictment were true. 
Appellant was further admonished by the trial court. In writing, appellant waived
various rights and represented to the trial court that he was mentally competent to
understand the nature of the charges against him, that he understood and accepted the
plea after consulting with his attorney, that his plea was “freely, knowingly, and
voluntarily” executed, that he read and understood English, and that he had received
effective and competent representation.
          Although a PSI report was prepared, it is not a part of the appellate record. 
Because appellant waived his right to have a court reporter record the plea
proceedings, the only evidence presented on appeal consists of the written plea papers
that he signed when he entered his plea and the testimony of appellant and his
stepfather at the PSI hearing.  
                                                   Voluntariness of Plea
          In his first issue, appellant asserts that his plea was not voluntary because “(1)
state agents coerced his plea, (2) his counsel exerted impermissible pressure upon him
[to enter a guilty plea], and (3) his plea was induced by representations with respect
to reduction of sentence.” Finally, appellant claims that he was “so gripped by hope
of leniency that he did not or could not . . . rationally weigh the advantages of going
to trial against the advantages of pleading guilty.” 
          In considering the voluntariness of a guilty plea, the court examines the record
as a whole. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). A
finding that a defendant was duly admonished creates a prima facie showing that a
guilty plea was entered knowingly and voluntarily. Id. A defendant may still raise
the claim that his plea was not voluntary; however, the burden shifts to the defendant
to demonstrate that he did not fully understand the consequences of his plea such that
he suffered harm. Id. Accordingly, once an accused attests that he understands the
nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal
that his plea was involuntary. See id.In this case, appellant entered a plea of guilty at trial. Appellant also filed a
“Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession”
and a second document entitled, “Admonishments.” The fact that appellant was duly
admonished creates a prima facie showing that his guilty plea was entered knowingly
and voluntarily. See id. Moreover, because the plea proceeding was not recorded,
there is nothing in the record to indicate that appellant was actually harmed or misled
in making his determination to enter a guilty plea. See id. Accordingly, we find that
appellant has failed to overcome the burden to demonstrate that his plea was
voluntary. See id.
          We conclude that there is no merit to appellant’s first issue.Ineffective Assistance of Counsel
          In his second issue, appellant contends that his trial counsel rendered
ineffective assistance because his election to plead guilty or nolo contendere was
based upon erroneous advice of counsel.
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). Appellant must show that (1) counsel’s performance was so deficient that
he was not functioning as acceptable counsel under the sixth amendment and (2) but
for counsel’s error, the result of the proceedings would have been different. Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).
          Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel
was ineffective, we consider the totality of the circumstances of the particular case. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the defendant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. There is a strong presumption that counsel’s performance fell within
the wide range of reasonable professional assistance. Id., at 689, 104 S. Ct. at 2065. 
To prevail on an ineffective-assistance-of-counsel claim, the defendant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Id. Assertions of ineffective assistance of counsel
must be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim.
App. 2002). In the absence of a record reference concerning counsel’s reasoning, we
must generally presume that appellant’s trial counsel had a plausible reason for his
actions. Thompson, 9 S.W.3d at 814.
          In the instant case, there was no motion for a new trial hearing and there was
no record of the trial court proceedings. Moreover, there is no evidence to indicate
that appellant’s trial counsel ever suggested that appellant would receive the
minimum sentence if he pled guilty. Thus, to find that appellant’s trial counsel was
ineffective based on any of the asserted grounds would call for speculation, which we
will not do. See Gamble, 916 S.W.2d at 93. In the absence of a record concerning
trial counsel’s reasons for advising appellant as he did, we cannot conclude that trial
counsel’s performance was deficient. See id. Accordingly, we find that appellant
has not overcome his burden of showing that his trial counsel’s performance fell
below the standards of professional norms. See id.
          We conclude that there is no merit to appellant’s second issue.
Due Process and Equal Protection Violations
          In his third point of error, appellant argues that (1) his due process rights under
the Texas and United States constitutions were violated because the trial court had
no jurisdiction to enter his judgment of conviction and (2) his equal protection rights
under the United States constitution were violated because his counsel filed an
Anders brief. We disagree.
           First, appellant asserts that his judgment of conviction is void for want of
jurisdiction because it is the result of an “illegally induced” guilty plea. A judgment
is void if the trial court lacked subject matter jurisdiction over the offense charged.
See Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).


 In felony
prosecutions, jurisdiction is proper when a valid indictment or information is filed
with the court. Garcia v. Dial, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980) (orig.
proceeding). In this case, a valid felony indictment was filed with the trial court. 
Thus, the trial court properly obtained criminal jurisdiction over appellant’s case. See
id.
          Next, appellant contends that he has been denied a meaningful appeal because
his appellate counsel filed an Anders brief. In her Anders brief, appellant’s counsel
asserts that she has reviewed the entire record, researched the law, and concluded that
there were no grounds for a meritorious appeal. Appellant’s counsel also forwarded
a copy of the brief to appellant and informed him of his right to file a pro se brief to
raise any additional points, which he has done. Moreover, appellant does not support
his denial of a meaningful appeal claim with any record references. Thus, we find no
indication from the record that appellant was denied a meaningful appeal in violation
of the equal protection clause of the United States constitution.
          We conclude that there is no merit to appellant’s third issue. 
Conclusion
          After reviewing appellant’s pro se responses and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we affirm the judgment of the trial court and grant appellate
counsel’s motion to withdraw. See Moore v. State, 466 S.W.2d 289, 291 (Tex. Crim.
App. 1971); Stephens v. State, 35 S.W.3d 770,771 (Tex. App.—Houston [1st Dist.]
2000, no pet.).
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.4.