**Louis Charles PROCHAZKA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–688–CR.**

Court of Appeals of Texas, Corpus Christi.

May 12, 1994.

---

4. Irasema Morales is the child's mother to whom the original outcry was allegedly made.

Manuel Marroquin, Corpus Christi, for appellant.

Carl Lewis, County Atty., Tyner Little, Asst. County Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant, Louis Charles Prochazka, was tried before a jury and convicted of driving while intoxicated. Appellant was sentenced to ninety days in jail, probated, and a five hundred dollar fine. Appellant raises a jurisdictional issue and alleges error in the charging instrument. We reverse.

### Background

Appellant was charged by information with the misdemeanor offense of driving while intoxicated. Appellant moved to quash the information claiming lack of notice due to the use of the conjunctive "and" as opposed to the use of the disjunctive "or" in the State's allegation of the type of intoxicant used by Appellant. At a pre-trial hearing, on January 24, 1992, the trial court granted Appellant's motion to quash. The docket sheet reflects the notation:

> 1/24/92 Hearing on Motion to Quash and Motion for Discovery held. Motion to quash granted. State to replead alleging manner of intoxication.

The order signed by the trial court recites:

> On this the 24th day of January, 1992, came on to be considered Defendant's Motion to Quash Information, and said motion is hereby **GRANTED** *as to requirement to alleged intoxicants by 1/31/92*

Our emphasized phrase was handwritten by the court. The State did not amend the Information. On March 10, 1992, the trial court set aside the order to quash noting on the original:

> Reviewed above order on March 10, 1992, and Motion to Quash is *denied* after further review of authorities. Set for trial.

A similar notation appears on the docket sheet. The case proceeded to trial resulting in Appellant's conviction.

### Jurisdiction

By his second point of error, Appellant claims that the trial court was without jurisdiction to rescind its earlier order to quash. We agree.

> It is well settled that when a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment or information, the person accused thereunder is, in law, discharged from the accusation against him; there is, concomitant to such dismissal, no case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court....
>
> ... Furthermore, it is likewise axiomatic that ... any order entered by a court having no jurisdiction is void.

*Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim.App.1980). In *Garcia* the trial court *erroneously* set aside an indictment, then subsequently granted the State's motion to reinstate the cause based on additional authority cited by the State. The Court of Criminal Appeals granted mandamus ordering that the *Garcia* reinstatement be set aside for lack of jurisdiction and the cause dismissed. *Id.* at 530.

The facts of our case are indistinguishable from those of *Garcia* except that the issue has reached us by way of appeal rather than mandamus. We hold that the trial court was without jurisdiction to rescind its order quashing Appellant's indictment.

The State argues that the trial court retained jurisdiction because the order granting Appellant's "Motion To Quash Information" was not a dismissal but merely "a re-

quirement that the State amend" based on provisions added to the Code of Criminal Procedure since *Garcia. See* TEX.CODE CRIM.PROC.ANN. arts. 28.09, 28.10 (Vernon 1989). We disagree.

First, the legislature, even after enacting new procedures for the amendment of charging instruments, retained article 28.04:

**Art. 28.04 ... Quashing charge in misdemeanor**

If the motion to set aside or the exception to an indictment or information is sustained, the defendant in a misdemeanor case shall be discharged, but may be again prosecuted within the time allowed by law.

TEX.CODE CRIM.PROC.ANN. art. 28.04 (Vernon 1989).

Second, the Court of Criminal Appeals has recently reiterated the rule in *Garcia* despite the intervening addition of the procedures enabling the amendment of charging instruments. *See Curry v. Wilson*, 853 S.W.2d 40, 44 (Tex.Crim.App.1993).

Third, even if we determined that the trial court's order permitted the State to amend by January 31, 1992, the State failed to do so.

[T]he trial court "effectively terminates" the prosecution against the accused whenever the effect of its order forces any alteration of the indictment or information before the trial on the merits and the State is not willing to comply with that order.

*State v. Moreno*, 807 S.W.2d 327, 334 (Tex. Crim.App.1991) (motion to quash information appealable by State as final order of dismissal despite trial court's striking of dismissal language from order). As the *Moreno* court stated: "The State's refusal to amend effectively terminated the criminal proceedings." *Id.* at 333 n. 7. We sustain Appellant's second point of error.

Additionally, the fact that the order quashing the indictment may have been based upon an erroneous interpretation of the applicable law in no way affects the validity of the original order to quash. *See Garcia,* 596 S.W.2d at 528. It is therefore unnecessary to the disposition of this case to address Appellant's first point of error. TEX.R.APP.P. 90(a).

The State has asserted no cross-point of error appealing the January 24, 1992 order granting Appellant's "Motion To Quash Information." We hold that the trial court's March 10, 1992, "denial" of Appellant's motion to quash and the ensuing conviction are void for lack of jurisdiction. The judgment is **REVERSED** and REMANDED to the trial court with orders to dismiss the cause pursuant to its January 24, 1992, order.