Reversed and Remanded, and Majority
and Dissenting Memorandum Opinions filed February 24, 2011.



 



In The

 

Fourteenth Court of Appeals

                                                                                          



NO. 14-09-00996-CR



 

PETER HENERY, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the County
Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1634586



 

MAJORITY MEMORANDUM OPINION

Appellant,
Peter Henery, was charged by information for the misdemeanor offense of indecent
exposure.  Appellant filed a motion to quash the information, which the trial
court orally denied following a hearing.  Nevertheless, the trial court signed
an order granting appellant’s motion to quash and striking the information.  Six
days later, appellant pleaded “guilty” to the charged offense pursuant to a
plea bargain.  The trial court accepted the plea and sentenced appellant to
sixty days’ confinement in county jail.  

In his
first issue, appellant contends the trial court lacked jurisdiction to accept
his guilty plea, sentence him, and sign the judgment because the case was
dismissed once the court signed the order quashing the information.  We agree. 


Once an information
is quashed and stricken, the trial court no longer has jurisdiction over the
case and thus has no authority to conduct further proceedings.  See Garcia
v. Dial, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980); Prochazka
v. State, 878 S.W.2d 230, 232 (Tex. App.—Corpus Christi 1994, no
pet.).  

We
acknowledge that the trial court orally denied the motion to quash before
signing the order granting the motion.  However, the State did not file a
motion nunc pro tunc requesting that the trial court determine whether it
signed the order as the result of clerical or judicial error.  Further, the
State has not requested that we abate this case and order the trial court to
conduct a nunc pro tunc hearing.  Accordingly, on the record before us, the
information has been quashed and stricken and no case is pending against
appellant.  

We hold
that the trial court’s judgment is void for lack of jurisdiction.  The trial
court’s judgment is reversed, and we remand with orders for the trial court to
dismiss this cause.[1]

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.  (Boyce, J., dissenting).

 

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
We need not address appellant’s remaining appellate issue.