Cause No. *F-2007-0838-C (WHCS)*
71,485-10

In Re: Verlee, Albert § Civil No. _____

V. §

211th District Court §
Presiding Judge
L. Dee Shipman §

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 16 2015

Abel Acosta, Clerk

## Petition for Writ of Mandamus

Comes Now, Relator, Verlee, Albert. Will show just cause and a last adequate remedy at law. And a clear abuse of discretion by trial court:

## Jurisdiction

This court has jurisdiction, pursuant to Tex. Const. Article 5 sec. 5,6 Criminal Court of Appeals have concurrent, original jurisdiction of this petition for Writ of Mandamus against the judge of the 211th District Court of Denton County, Texas. see: Padilla v McDaniel 122 S.W.3d 805 (Tex.Crim.App. 2003).

## Statement of Fact's

On March, 2007 relator filed a motion to quash indictment F-2007-0838-C on Agg. Robbery. see: (Docket Sheet). Relator was charged by information with the information claiming lack of notice due to the use of the conjunctive "and" as opposed to the use of disconjunctive "or" in the state's allegations of Agg. Robbery. The trial court then

(1)

granted, relator's motion to quash Agg. Robbery. The docket sheet reflects the notation: That indictment was quashed on August 24, 2007. Relator has "strick proof"; see: (Register of Action).

Relator claims that this is a structural error and cannot be procedurally defaulted. see: Rodriquez v State 42 S.W.3d 181 (Tex. App. Corpus Christi 2001), Whan a court has no jurisdiction, it has no power to act, and any action taken in the absence of jurisdiction is void. see: Henry v State 2011 Tex. App. Lexis 1344) once information is quashed and stricken, the trial court no longer has jurisdction over the case and thus has no authority to conduct further proceeding's. It is well settled that when a trial court empowered with jurisdiction over a criminal case sustains a motion to quash indictment or information, the person accused thereunder is, in law, discharged from the accusation against him.

Furthermore, it is likewise axiomatic that.....
any.....order entered by a court having no jur-
isdiction is void.

In Rodriquez the court reaching this holding, to adhere to a long standing rule that jurisdiction can be raised at any time and cannot be waived.

The trial court argues that, even if Albert has a claim on jurisdiction that he's barred by section 4 § T.C.C.P......see: Albert's (Docket sheet) it's clear that the trial court quashed indictment on Agg. Robbery, a showing that the court lacks jurisdiction.

## Case's of Authority

Mandamus is an extraordinary remedy, that will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. V.T.C.A. Gov't

(2)

Code §22? In re: Sheppard 1993 S.W. 181.

see: <u>Padilla v McDaniel</u> 122 S.W.3d 805 (Tex.Crim.App. 2003). The Criminal Court of Appeals has original jurisdiction of a petition for Writ of Mandamus when there is a clear abuse of discretion, by a trial court. Denton County District Court abused their discretion, when ruling on relator's last Writ of Habeas Corpus, by denying him jurisdiction claim, by barring it. With 11.07 sec. 4, when in fact jurisdiction can not be waived.

## Respondent:

L. Dee Shipman the presiding Judge in the 211th District Court of Denton County, Texas has violated relator's rights to a fair Habeas Corpus hearing, by denying his Habeas Corpus, knowing that Albert's claim cannot be barred by (section §4).

The records show, see: (Register of Actions) that the proceedings continued through a trial and a final judgment of conviction; at no point during the proceedings in the trial court did anyone urge that the case had been quashed.

Article I section 10 of the Texas Constitution states that no person shall be held to answer for a criminal offense unless on an indictment of a grand jury. Tex. Const. art I sec. 10. To invest a court with jurisdiction over a criminal case, a charging instrument must be filed with the trial court. Tex. Const. art. V §12(b) see: <u>McAfee v State</u> 363 S.W.2d 941 (Tex.Crim.App. 1963). <u>Thomas v State</u>

751 S.W.2d 601,602 (Tex.App. ——Texarkana 1988). Once trial court quashes an indictment, it lacks authority to reinstate it, even if the order quashing the indictment was based on an erroneous inter-pretation of law. see: <u>Prochazka v State</u> 878 S.W.2d 230,232 (Tex. App. ——Corpus Christi 1994).

(3)

## Statutory Provision

When we interpret statutes such as Article (28.05, Tex. Code Crim.), the court seeks to effectuate the 'collective' intent or purpose of the legislator's who enacted the legislation. They do this because our state Constitution assigns the law making function to the legislature while assigning the law interpreting function to the Judiciary. see: Tex. Const. Art. II §1.

Where the statue is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statue.

When a cause of action derives from a statue, statutory provisions are mandatory and exclusive and must be complied with.

28.05 T.C.C.P., if the notion to set aside or the exception to the indictment in cases of felony be sustained, the defendant shall not therefore be discharged, but may be immediately recommitted by order of the court, upon motion of the state's attorney or without motion; and proceedings may afterward be had against him if no prosecution had ever been commenced.

## Prayer for Relief

Wherefore Relator prays that this court forces their jurisdiction in this Writ of Mandamus, for a hearing. If it is determined that the case was quashed, to prove that the trial court lacked jurisdiction to convict relator of Agg. Robbery. In reaching this holding the court has held that jurisdiction can be raised at any time and cannot be waived.

## Unsworn Declaration

I, relator Verlee, Albert Jr. a Texas Department of Criminal Justice

Identifying number #1464905 on this _13TH_ day of _July_ ,
2015 declare under the penalty of perjury that the foregoing is true
and correct.

## Certificate of Service

I hereby certify that a true and correct copy of the above foregoing
relator's Writ of Mandamus has been forwarded by United States mail,
postage prepaid to the Criminal Court of Appeals of Texas, P.O.Box
12308, Capitoal Station, Austin, Texas 78711, on this _13TH_ day
of _July_ 2015.

Respectfully Submitted,

_Verlee Albert Jr._

Albert Verlee Jr.
TDCJ #1464905
Pack Unit
2400 Wallace Pack Rd.
Navasota, TX. 77868

(5)

08/13/2007 COURT SETTING INFORMATION
SHEET

08/15/2007 ORDER TRANSFERRING CASE(S)
FROM THE 367TH DISTRICT COURT
TO THE
211TH DISTRICT COURT

08/16/2007 RETURN CAPIAS/PRECEPT

08/17/2007 STATE'S NOTICE OF INTENT
TO USE EVIDENCE OF OTHER
CRIMES, WRONG OT BAD ACT
PURSUANT TO CODE OF CRIMINAL
PROCEDURE ARTICLES 37.07 AND
38.37 AND EVIDENCE RULES 404(b)
AND 609(f)

08/20/2007 STATE'S NOTICE OF INTENT
TO USE DEFENDCANT
STATEMENTS PURSUANT TO CODE
OF CRIMINAL PROCEDURE ARTICLE
38.22

08/24/2007 MOTION TO QUASH
INDICTMENT

10/13/2008 LETTER
FROM DEFENDANT REQUESTING
COPY OF DISMISSAL

*There's No indictment*

*Motion to quash AGG. Robbery*

*motion to Dismiss Theft from a Person*

All records displayed are subject to limitations of data entry. Details of
judgments can only be verified by actual court records on file.

Copyright © 2000 The Software Group (http://www.tsgweb.com). All rights reserved.

*Exhibit*

*C*