NO. 07-07-0188-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 4, 2008
_____

ALLEN JOYCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 286TH DISTRICT COURT OF COCHRAN COUNTY;

NO. 06-01-1262; HONORABLE HAROLD PHELAN, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Allen Joyce, appeals his conviction for the offense of prohibited sexual conduct and sentence of 10 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We reverse, vacate the judgment, and remand for the entry of a judgment of acquittal.

## Factual and Procedural Background

Appellant was charged by indictment with the offense of sexual assault. The language of the indictment charged that appellant had on or before the 1st day of October 2005, intentionally or knowingly caused the penetration of the sexual organ of CC, by defendant's sexual organ, without the consent of CC.[1] The indictment then, in the same paragraph, contained the following language, ". . . and CC was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married . . . ."

At trial, the State's attorney announced that the State abandoned, what he termed surplusage, the additional portion quoted above except for the notice that it provides for possible lesser included offenses. Specifically, the State's attorney abandoned it for the case in chief and the same was not read to the jury, nor did appellant enter a plea to the abandoned portion of the indictment.

The testimony at trial showed that appellant was the uncle of the complaining witness, Mara Joyce. Appellant and Mara had been at a relative's home with other family members drinking when Mara asked appellant to give her a ride to her boyfriend's home a few blocks away. Mara testified on direct examination that instead of taking her to her boyfriend's home, appellant took her to the edge of town onto a dirt road at the end of a cotton field and sexually assaulted her. During cross-examination, she denied that she had

---

[1] CC was not a minor at the time of the offense and the testimony at trial identified her as Mara Joyce.

2

offered to have sex with appellant for money but did admit that a $20 dollar bill was found in her shoe and that she had her boyfriend burn it. Mara's testimony was contradictory on several points, specifically about whether or not she had initially denied to sheriff's deputies that any assault took place. Mara was examined by medical personnel who found no signs of trauma or injury. However, there were two slight scratches on Mara that the deputies documented with photographs. Mara finally named appellant as her assailant and he was questioned by the deputies the next morning. He gave a written statement that was introduced before the jury, wherein, he admitted having intercourse with Mara but claimed it was consensual. The statement also alleged that appellant had paid Mara $40 to have sex with him.

After both the State and appellant had rested and closed the case in chief, the trial court prepared a written charge that included the primary allegation of sexual assault and a charge on the purported lesser included offense of prohibited sexual conduct. Prior to reading the charge to the jury, appellant's trial counsel objected to the inclusion of the lesser included offense positing that prohibited sexual conduct was not a lesser included charge under the applicable law. The trial court overruled the objection and submitted the lesser included charge to the jury. The jury, consistent with the court's charge, found the appellant guilty of the lesser included offense. The jury subsequently sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 10 years. This appeal followed.

In two issues, appellant alleges that the trial court committed reversible error in instructing the jury that prohibited sexual conduct was a lesser included offense of sexual

assault  Further, appellant contends that the trial court did not have jurisdiction to convict appellant of prohibited sexual conduct and that the resulting judgment of conviction is void.

## Lesser Included Offense

In determining whether or not an offense is a lesser included offense we are governed by the requirements of article 37.09 of the Texas Code of Criminal Procedure. Article 37.09 provides:

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CRIM. PROC. CODE ANN. § 37.09 (Vernon 2006).  In applying article 37.09, we are guided by the recent Texas Court of Criminal Appeals decision in Hall v. State, wherein the Court adopted the pleading approach as the correct method of analyzing the issue of the

propriety for including a lesser included offense in the court's charge to the jury.  Hall v. State, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007).  In analyzing the application of article 37.09, we engage in a two step approach.  First, we must look to the indictment to determine whether an offense is a lesser included offense of the alleged offense as a matter of law.  Id.  This is accomplished by comparing the elements of the offense alleged in the indictment with the elements of the potential lesser included offense.  Id. at 535-36.  In the second step of the analysis, we ask whether there is evidence that supports the giving of the instruction to the jury.  Id. at 536.

In applying the first step of the analysis we are not concerned with the evidence, rather we are focusing on the statutory elements of sexual assault as modified by the indictment.  Id.  Appellant was indicted for the offense of sexual assault.  See TEX. PEN. CODE ANN. § 21.011(a)(1)(A) (Vernon Supp. 2007).  The court's charge correctly set forth the elements of the indictment alleged as:

(1) appellant

(2) intentionally or knowingly

(3) caused the penetration of the sexual organ of CC by appellant's sexual organ

(4) without the consent of CC

The elements of the prohibited sexual conduct as contained in the court's charge are:

(1) appellant

(2) intentionally or knowingly

5

(3) engaged in sexual intercourse with CC

(4) and appellant knew CC to be the daughter of appellant's brother of the whole or half blood or by adoption.

The charge properly set forth the elements of prohibited sexual conduct as defined in the Texas Penal Code. See TEX. PEN. CODE ANN. § 25.02(a)(5) (Vernon Supp. 2007).

Next, we inquire about whether the elements of the lesser included offense are established by proof of the same or less than all the facts required to establish the commission of the offense charged. Id. This is the essence of the requirement of article 37.09(1). See TEX. CRIM. PROC. CODE ANN. § 37.09(1). In the case before us the answer is no. The lesser included offense requires proof of an additional element not required to prove sexual assault. That additional element is the relationship between appellant and CC. While it is true that the evidence adduced at trial did prove that relationship, it is not the object of the inquiry in the first step of the lesser included analysis. Accordingly, we find that the prohibited sexual contact is not a lesser included offense of sexual assault. Therefore, the inclusion of the lesser included offense in the court's charge was error. Appellant's first point is sustained.

## Jurisdiction

Appellant next contends that, inasmuch as prohibited sexual conduct is not a lesser included offense of sexual assault, the trial court lacked jurisdiction to convict appellant for an offense not charged in the indictment. It is axiomatic that a criminally accused has the

6

right to be tried based on an indictment returned by a Grand Jury.[2] TEX. CONST. art I, § 10; TEX. CRIM. PROC. CODE ANN. § 1.05 (Vernon 2003).  The invocation of a court's jurisdiction in a criminal case is by the return of an indictment.  See Garcia v. Dial, 596 S.W.2d 524, 527 (Tex.Crim.App. 1980).  Further, the trial court has no jurisdiction to convict a defendant of an offense not charged in an indictment unless that offense is a lesser included offense of the crime charged.  Id.

In the case before the Court there is no indictment charging appellant with the offense of prohibited sexual conduct.  We have already decided the issue of whether prohibited sexual conduct is a lesser included offense adversely to the State's position.

The State, however, posits that appellant had proper notice because of the language contained in the indictment after the charge of sexual assault.[3]  However, the State is mistaken in the belief that this gave appellant notice that he was standing trial for the additional offense of prohibited sexual conduct.  This language, ". . . and CC was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married . . ." is not part of the prohibited sexual conduct statute.  See TEX. PEN. CODE ANN. § 25.02(a)(5). It is language from the sexual assault statute and refers to offenses under the

---

[2] Unless the accused waives an indictment and proceeds on the basis of an information, which is not relevant in the factual pattern of the instant case.

[3] For purposes of this opinion we need not consider the effect of the State's "abandonment" of the language in question and we express no opinion on that issue.

bigamy statute.  <u>See</u>  TEX. PEN. CODE ANN. § 22.011(e)(2)(B), 22.011(f), and 25.01 (Vernon Supp. 2007).

Accordingly, we find that the trial court was without jurisdiction to enter a judgment convicting appellant of an offense not charged in the indictment.  The purported judgment is void.

Conclusion

Having determined that there was no proper lesser included offense of prohibited sexual conduct and that the indictment did not contain a charge for the offense of prohibited sexual conduct, we order the judgment vacated and the case remanded for the entry of a judgment of acquittal to the charge of sexual assault.

Mackey K. Hancock
Justice

Do not publish.