In The Texas Court Of Criminal Appeals
And for It's Justices, At Austin Texas

52,604-03

IN RE:

Mavin Frank Sherman
Complainant/Relator

Versus,

John/Jane Doe, Acting Trial
Court's Judge, for the 339th
District Court of Harris -
County, Texas, et al; Linda Garcia,
Assuming Title of Assistant Dist-
rict Attorney(Tex.Bar I.D.#0078716)
for Harris County Texas; Leslie Hern-
dez, Assuming Deputy to Criminal Po-
Trial, under Chris Daniel, et al...
Respondent(s).

Trial Cuase#810774/810774-C

Texas Court of Crinal Appeals
Case Writ#_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

This document contains some
pages that are of poor quality
at the time of imaging.

MAR 09 2015

Abel Acosta, Clerk

Relator's Original Applicantion For A-Writ of Mandamus, Pursuant
To Section 22.221(b) of the Texas Government Code...

**Let There be understanding**, as Relator comes before the Texas Court of Criminal
Appeals justices, Respondent(s) of interest :
Relator is in pursue of his requests for a Writ of Mandamus in **his** individual -
Persona propria capacity status or Pro Se standings, pursuant to Article I, §12-
of the Texas Constitution and Article 11.07(3)(b) of the Texas Code of Criminal
Procedure. **DeLeon V. Districk Clerk, Lynn County**, 187,473,474-475(Tex.Cr.App.2006).
However, Marvin Frank Sherman, Relator herein after, brings **his** want of the appli-
cation for a Writ of Mandamus against trial Court's Officers mentioned above, as
a whole or individually seperated in intentionally using the wrong procedural
and suspending the the Writ of habeas corpus under colorable Constitutional vio-
lation claims raised within Relator's habeas corpus petition-Application, along -
with his memorandum of law attached therewith. Inparticular with Relator's Ground-
One Error of law that Presents the issue of the Trial Court and it's presiding-
judge's lack of subject-matter jurisdiction over the cause number 810774 and Par-
ties of interest. But that cause of action is founded on a fraudulent and forged
indictment. Thus, the trial judge acts fell clearly out side of it's subject-mat-
ter jurisdiction, -which are acts beyond the scope of law or judicial authority-
and without anykind of lawful judgment , **commercial paper-work, contracts, nor pro-
of of claims**, and those **ULTRA VIRES ACTS** cannot be recognized as valid **judicial-
act** of law. Hence, this issue sub judice is not beyond the Texas Court of Criminal
Appeals justices reach and does have **original jurisdiction** over the said cause &
Parties of interest, so as to consider Relator's application for issuing of the -
Writ of Mandamus in [t]**his** criminal legal matter, pursuant to Article 5, §5A of -
the Texas Constitution, which make the justices part of the Judiciary Act, as too
disputes which have arised over the enforcement of statutes governed by the Texas
Code of Criminal Procedure, -and-which arise as a result of-or-incident to a -

1. mandamus.

Criminal Prosecution,-are Criminal matters of law.e.g.,**Curry v.Wilson**,883 S.W.-2d 40,43,& n.1(Tex.Cr.App.1993);**Garcia V.State**,596 S.W.2d 524,5527-28 & fn.4(Tex.-Cr.App.1980).Hereby,invoking the jurisdiction of this said Appellate's jurisdiction and the judges thereof have the power to issue the writ of **mandamus** relief-against and upon the acting assigened habeas corpus judge[john/Jane doe) or and-its Court's clerk(s) or and **Leslie Hernandez**,acting as for          Post Trial department,with the Title head of **CHRIS DANIEL**,as the Harris County District Clerk's Office,of whom singly and individually or jointly with the trial Court's -recalcitrant(s)-(jane/john) clerk(s) who refuse to file,docket and process for -Srevice under Art.11.01,11.02,11.03,11.04,*11.05,;11.14(1) to (5),11.15;11.16 of inwchich are codified provisions in accord with **Padilla V.Rumsed**,352 F.3d 352,-709(2nd Cir.2003),cert.Granted,___U.S._____,124 S.Ct.1353,1358(2004),which is-is instructive setablishments for the proper and legal procedures on the actual-requirements  of process for and by the trial Court'(s) service upon the legal-Respondent(s) by **certified mail**,and then thereafter the Senior Warden,**Eddie D. -Baker** would have been served a summons and as well as a complaint,and served in-compliance with Rules 21a or and 106 of the Texas Rules of Civil Procedure.then-this would have served the proper and legal procedures were applied traditonally,-and therefore,the Warden and Custodian-who holds your Relator in unlawful confinment and restraint of **his** liberty-interest,would have been commanded and directed his[him] to produce and have [had] delivered Applicat Body's]-[the]Prisoner before-re the trial Court instanter-judge- whom the Writ's authority permits  the judge-to decide whether the legal Custodian of interest is authorized **by law** to detain his Prisoner-this Applicant!Id....But if,as in this case sub judice,the **rigth** individual is not served **he** can not [have] addressed and answered the[ir]legal questions,with the[ir] appropriate  legal pleadings to have made the[ir] appearance...[see habeas corpus separate but attached memoradum of law,it reiterates the same] Hence,the trial Court's judge for  his habeas **corpus** matter has not produced its-reciept of its forms and complaints form notice to Applicant and confirmation...Wrose yet,no judge can possibly consider whether or not **Eddie D.Baker**,et al, is- -holding Applicant/Relator under unlawful **detainment**-otherwise in truth,the trial records show that this Relator is unlawfully restrained of **his** liberty and could-have been immediately released from such false imprisonment.**Padilla,supra.Ibid.**

Jurisdiction Invoked - And -Issues Stated **Above**
I.A
As Presented for Statute Being Jurisdictional

The Texas Court of Criminal Appeals justices determination as to writs **sought** by-Applicant-Relator-will issue  its entire as a preliminary legal matter,which is --**an** analysis of the and cause of the trial Court's and its **judge's** jurisdiction,-such as which Respondent preides and its Court's clerks,or employees in general..

refuse to file,docket and process Relator's submitted aPPlication for a Writ of-habeas corpus,and are as a whole disobeying the Writ's purpose in availability...Such unidentifiable Court's Clerks,with **L.Hernadez** are violating their,his,her -

2.mandamus.

sworn๚ public fiduciary duty(s) to record and make legal matters [t]here-with their,his,her Office(s),and thus,record Relator's properly-executed and-submitted documental Writs,along with **Relator's** memorandum of findings of facts,and conclusions of law.Inwhich,involve **his** liberty being eliminating as the main factor that has deprived **him** from getting and recieving **justice** and **his** - **Equal** protection of the Law -the foundation of the Rule of Law-which is the -sourse **of** government power ,-insituted by the People,for the people and of the-People-the altimate authority of consent to be prosecuted,only upon a grand-jury Panel's returned True Bills of indictment,and therefore,any unauthorized-exercise of any- powers **NOT** conveyed by the People[Complainant violated,etc] is -not only unjust,unautorization of law,but a nullity and any Act or performance-or act don out-side the scope of law,is Usurpation of power and void...Thus, the Respondent'(s) failure to act as requested by this Petitioner-Relator is a failure to perform a ministerial fucnction upon colorable claimed issues that-are none-waivable,[n]or forfieted,not even with Consent,under the facts of this Case sub judice...Whether the trial Court's habeas corpus judge,or and its Clerks,et al,they,he,she have denied ,as clearly condtructive in nature,Relator's only means of equatably availing **himself** of access to the Texas Courts inchief. **State ex rel.Hill V.Pirtle**,887 S.W.2d 921,926-27,& n6,9(Tex.Cr.App.1994) and - **DeLeon V.District Clerk,Lynn County**(Texas),187 S.W.3d 473-474 & at n.1,5:

> "An [A]pplicant who files his application for habeas corpus
> relief has a Constitutional right to access to the Courts"
> as well as a statutory right to file his application for
> habeas corpus with that district Clerk's Office;whose Office

of said Clerk has a statutory duty to accept both application-form and its att-ached memorandum of law as is presented in material contents...Which said duty is ministerial,as the judge's,and when,'as in this instant case',said Clerk or and judge refuse to file,docket and properly process this Relator's pleadings--for jurisdiction,there is no other provision to compell said Court's officer(s) to execute its duty in accordance with the laws of the State of Texas,and ther-by,Court's Officers are denying Relator's clear and absolute rights to **his** rel--ief sought.Inwhich the merits of **his** Constitutional violations claims are bey -ond dispute-a clear right of **his** that necessitates that which the law plainly -establisehes in that duty sworn to by the Clerk(s) OR AND JUDGE to be perform -ed.Such that there is no room for the[ir] exercise of discretion,but a mandato-ry duty".Id.at 174-75; **New York Life Ins.Co.V.Brown**,84 F.3d 137,142,n.10-12(5th Cir.1996);Cf.**Ruiz V.Quaterman**,504 F.3d 523,527(5th Cir.2007)(same),and Cf.**Ex - Parte Clear**,573 S.W.2d 224,supra(Tex.Cr.App.1978),in part:

> "A district Court [judge] without having jurisdiction
> invoked ,can not asume another judge's properly exerc-
> ised jurisdiction over the Case,to conduct a hearing-"Id.

Thus,it is the trial Court's judge who possess sole authority/jurisdiction over-

3.mandamus.

this Relator/Complainant...Thus,in this Case at bar,the trial Court has not acted upon the Relator's habeas corpus petition,and instead,has had its clerk(s) or and Ms.**Hernandez** deviate from the correct procedure of due course of law,and have served the wrong and illegitimate Person-"a **Linda Garcia**,acting on the stationary of the District Aoorney to Harris County,of Texas,as an assistant's capacity and said illegal intruder,implies **her** submitted baseless & improper-unlawful motion-brief,-was the STATE'S ORGINAL ANSWER on 2/12/15 and was prepared by a **Joshua Redelman-Intern** who neither had prior trial Court's and its judge's authorization to submit such bogus and unfound distortion"... Then those illegal invited third party interveners submitted another fraudulent proposal of facts and conclusions to law.Entitled:

"STATE'S PROPOSED FINDINGS OF FACTS AND CONCLSUIONS OF LAW"- Signed by **Linda Garica** on 2/16/15...The fact that the legal Respondent of interest has not even been served means this is another case of fraud upon the Courts.As in reality cited in **U.s.V.Winestock**,340 F.3d 200,207,& n.7(4th Cir. 2003),citing **DUNNS V.Cockrell**,302 F.3d 491,492 & n.1(5th Cir.2002)(Per Curiam), cert. denid,___U.S.____,123 S.Ct.1208,154 L.Ed.2d 1013(2003):**Boonie V.Elrod**, 706 F.Supp.636,638-39(N.D.Ill 1989)(same points in baseless motion practice);- **Knop V.Johnson**,667 F.Supp.512,515-22(W.D.Mich.1987)(same),aff'd in partinent part,977 F.2d 996,104(6th Cir.1992),cert.denied,113 S.Ct.14,15(1993),and see for realistic accurances are nation wide in,**Goka V.Babbitt**,862 F.2d 646,650-52 (7th Cir.1998),Appellate Court seeking direct considerations of sanctions aganst Prison Officials lawyers,for such perpetrated fraud-upon-the Courts[as in this Case at bar]during the collateral review proceedings".Id.And at **Winestock**,- 340 F.3d at 207,& n.7,supra....Hence,this Relator states for the record that **he** has no adequate remedy at or in the law to pursue **his** requested relief **he** seeks-other than with [t]his application to appeal the Clerk(s) or judge's or- **Hernandez's** actions or inactions ,this vunue or Vihcle satisfys **his** showing of **his** lack of habeas corpus relief is grounds for mandamus to issue against the Responent(s) at fault for such unconstitutional deprivation of rights to be enforced.Furthermore,only the Texas Legislature has the right to suspend statutory laws.i.e.Texas Constitution,Article I,§28.**DeLeon**,supra,187 S.W.3d at 475,& 1-2..

B) The Texas Court of Criminal Appeals justices have original juirsdiction to issue the[ir] Writ of Mandamus in this cause under Article 5,§5A of the Texas Consitution and Article 4.04 of the Texas Code of Criminal Procedure.In this personal procedure may comtemplate the the trial judge,and it's Court's employees - will have knowledge of the specific changes to be made ,and the correct process of service to order,and in the manner of making them,which is evidently legal and proper under the law.Becuase the proper and legal procedures under Article- 11.07,§ 3(b)(TCCP)-that requires services by the trial Court on the Warden of- the Mark Wavne Michael Prison Unit,in Anderson County Texas,as a mandatory -

4.mandamus.

command of law,and any other procedure applied was,as is,the result of purported illegal irregularities,thus,is void ab initio...Also,the fact that the trial Court and its Officer(s) HAD CHANGED the writ of habeas corpus to an Appelleant's direct appeal brief,with out jurisdiction it/they exceeded his/her authority(s) by unilaterally deciding to change Relator's want of habeas corpus status,and thus,codifed the unnecessary result of suspending the writ of habeas corpus.**GUERRA V.GARZA**,987 S.W.2d 593,supra(Tex.Cr.App.1999);Cf.The **Texas Fair Defense act**,eff.1/1/2002(SB 7,§8),§1 of SB 7,id.

C) **Linda Garcia**,as assuming to be the STATE,AND through **Joshua Redelman**,has committed constructive misstatement of facts and law in her/their baseless brief.In that Relatoe claimed more than just a void sentence,but void trial Court's and it's judge's judgment is void,for ruling upon a fraudulent indictment under cause nu:810774,and Relator is not merely alleging ineffective assitance of counsel but Constructive breach of fiduciary duty-by his State Trial Court Appointed defsel Counsel.In fact **Garcia** has falsified facts that Relator has not raised,and has intercepted,conficated,and is holding hostaged Relator's actual pleadings of the trial Court's and it's judge's judgment is void ab initio,for factually proceeding to trial when its jurisdictional defect prohibited that Court/judge from entering any type of judgment.Muchless give authority to falsely imprison an innocent Man.as this Relator sub judice.Plus,these issues stated by Relator have never been brought in an appeal previously.Apart from Relator's issues out forth in his application and memorandum having claims that are not waivable of forfieted by procedure errors.As they are jurisdiction and Constitutional issues preseed in good faith.Consequently,Article 11.07,§4,does not bar Relator/Applicant from presenting **his** Application for a Writ of habeas corpus,ad testificandum,and having it heard and acted on by both trial Court,judge and this Appellate Court's justices,because **those issues are challenges to the trial Court's juridiction**. AS such,it falls within the exceptions for subsequent application of a writ of habeas corpus.Therefore,all the false statements of **Ms.Garcia**,need to be **stricken** from the record,because **her** amicus curiae intervention is illegal,and Relator's application for a writ of habeas corpus submitted four weeks ago,it's memorandum attached therewith,be incorporated by reference as set out entirely herein connection with this mandamus application,against and upon the trial Court's judge or and its clerk(s) OR AND Ms,**Hernandez**,for constructively denying Relator **his** rights to have **his** writ of habeas corpuse acted upon the true issues **he** presented. And thus,a clear abuse of authority,which is a manifestly 'a manistrial'act in nature.**State ex rel.Eidson V.Edwards**,793 S.W.2d 1,7 & n.6-7infra(Tex.Cr.App.1990).

Wherefore premises duly considered,this Relator prays that this Appellate Court justices grant this application and issue a writ of mandamus directing the said trial Court's judge or its Clerk or and **Leslie Hernandez**,the respondent(s) in this Case sub judice to serve the legal Respondent,Holding Relator under unlawful and illegal imprisonment,according to their correct Court procedures within 20-days of entry of this said Cout's Order,as to confirm the trial Court's judge's

5.mandamus.

oral ruling,'if not documented on paper}and as to have established Service up-on **Eddie D.Baker**(or his disigee/suceesor),and thus,service of process executed-on the actual Person,individual Respodent of interest,as the State's govenment's Official or Agent in the manner proscribed by afroementioned State of Texas law for serving a summons and or like process on that Respondent(s).And any other Relief that this said Appellate Court's justices deem fit,and in which Relator may be entitled to,in the interest of justice.

Executed on _3r_ this day of _March_ 2015,Respectfully Submitted,_Mavin F. Sherm_ _____ ,Relator under a TDCJ"s account number00876556,an inhabitant of the Mark Wayne Michael Unit,2664 F.M.2054,Tennessee Colony Texas 75886-Located in Anderson County of the State of Texas-...

### Affidavit of Certificate of SERVICE

I,_Mavin Fank Sherman_ Mavin Frank Sherman,do certify and affirm under penalty of perjury that all I have stated is True,correct,accurate and complete in the above and entitled,and cause number[810774],and these same stated facts were sent too the trial Court's Repodents,on _3r_ this day of _March_,2015,pursuant to Texas Civil Practice & Remedy Code,§132.001-132.003.....*Mavin Frank Sherman*

Relator-Pro Se capacity
3/3/2015

6.mandamus.