

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00213-CR
No. 07-22-00214-CR

**JUSTIN DUNWAY FRIAR, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 452nd District Court
McCulloch County, Texas
Trial Court No. 6707 and 6708 Honorable Robert R. Hofmann, Presiding

June 6, 2024

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

As a preliminary note, we observe that these causes (Trial Court Cause Nos. 6707 and 6708) were consolidated for trial with another (Trial Court Cause No. 6709). Each involved separate indictments resulting in distinct convictions and judgments. Justin Dunway Friar appealed each conviction. Yet, one attorney represents him in the appeals from the judgments in 6707 and 6708, while another does so in the 6709 appeal.

---

[1] These appeals were transferred to this Court from the Third Court of Appeals. We apply the latter's precedent where it conflicts with ours. TEX. R. APP. P. 41.3.

Furthermore, each attorney raised separate issues in their respective briefs. Thus, we consolidate the appeals in 6707 and 6708 (our appeal numbers 07-22-00213-CR and 07-22-00214-CR) for disposition through this opinion and concomitant judgment. The appeal from cause number 6709 will be addressed via a separate opinion of this Court.

Judgments entered in cause numbers 6707 and 6708 manifest appellant's convictions for aggravated assault against a public servant and evading arrest or detention with a motor vehicle. Appellant attacks each via four issues. We address each in turn.

### *Issues One and Two—Discovery and Continuance*

Through issues one and two, appellant complains about the trial court's failure to act upon discovery requests and grant his motion to continue trial, respectively. The discovery requests and motion to continue were filed in trial court cause numbers 6620 and 6621. The State initiated those prosecutions via indictments filed on May 18, 2021. Yet, the trial court dismissed each of those causes on December 16, 2021, pursuant to the State's motion.

Dismissing a criminal cause terminates that particular prosecution or action. *See State v. Eaves*, 800 S.W.2d 220, 224 (Tex. Crim. App. 1990) (stating that when a trial court sets aside the charging instrument, the accused is discharged from the accusation, no case pends against him regarding that accusation, and "as surely as if the information had been 'dismissed,' the prosecution, the criminal action, terminate[s]"); *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980) (stating that dismissing a prosecution discharges the accused and no case pends against him involving those particular charges). The trial court also loses jurisdiction to act further in the dismissed cause. *Garcia*, 596 S.W.2d at 528; *State v. Thaxton*, No. 07-04-00032-CR, 2004 Tex. App.

2

LEXIS 8601, at *6–7 (Tex. App.—Amarillo Sept. 24, 2004, no pet.) (mem. op., not designated for publication). So, in the trial court dismissing cause numbers 6620 and 6621, the prosecutions ended without a substantive adjudication. Therefore, matters pending in each (like discovery requests, motions to continue and rulings thereon) became moot.[2] *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining moot as "having no practical significance; hypothetical or academic").

Moreover, the records before us fail to reveal that appellant filed written discovery requests in cause numbers 6707 and 6708 akin to those earlier filed in the dismissed prosecutions. However, we find, in 6707 and 6708, documents entitled "Discovery Compliance Form Under Article 39.14, Code of Criminal Procedure" signed by counsel for both the State and appellant; they acknowledge appellant's receipt of discovery from the State. So, it appears discovery was provided in each cause. And, most importantly, appellant fails to specify what, if anything, was denied him that he formally requested in cause numbers 6707 and 6708.

We overrule issues one and two.

### *Issue Three—Reindictment*

Through issue three, appellant complains of a purported due process violation. It pertains to the absence of opportunity to contest his reindictments in cause numbers 6707 and 6708. Allegedly, he was entitled to notice and hearing before that could be done. Yet, the State argues that the complaint was never broached to the trial court. Our own perusal of the record failed to uncover a motion or request seeking such opportunity. Nor

---

[2] Incidentally, appellant sought to continue the December 2021 trial date. The trial court convened trial in June of 2022. Thus, he, in effect, obtained the earlier requested delay.

3

does appellant provide us with record cites illustrating that he broached his "due process" complaint with the trial court. This is problematic since allegations of denied due process are generally waived unless preserved. *Jones v. State*, No. 07-23-00359-CR, 2024 Tex. App. LEXIS 1967, at *3 (Tex. App.—Austin Mar. 24, 2020, no pet.) (mem. op., not designated for publication); *see also Crim v. State*, No. 03-19-00445-CR, 2020 Tex. App. LEXIS 9729, at *8–9 (Tex. App.—Austin Dec. 11, 2020, pet. ref'd) (mem. op., not designated for publication) (holding that appellant waived his due process complaint by neglecting to urge it before the trial court). Because we cannot find where appellant preserved the substance of his third issue, his complaint was waived.

Issue three is overruled.

### *Issue Four—Suppression*

Through his fourth and final issue, appellant complains about the denial of his motion to suppress. It involved a traffic stop for which there allegedly was "no articulated reasonable suspicion of criminal activity for the stop." Yet, the testimony of the trooper who detained him and a video of what transpired immediately before the stop belied this.

In the video, one sees appellant in a white SUV approach the trooper. The latter had pulled to the right just feet before entering a residential intersection. The white SUV then proceeds straight through the intersection despite having his left turn blinker engaged. Five to six seconds lapse before the trooper performs a U-turn, apparently to follow appellant.[3] By then, though, appellant had completed a left at the ensuing intersection and proceeded down the block. As the officer also turned left at the same

---

[3] The trooper recognized appellant as someone he stopped several months earlier. That detention led to the trooper's discovery that appellant lacked a valid driver's license.

4

intersection, appellant's vehicle could be seen. By then, he had come to the next residential intersection and again turned left. Furthermore, his vehicle had already proceeded several car lengths down the road. The distance travelled compared to the short amount of time that lapsed tends to confirm the trooper's accompanying testimony about seeing appellant increase the speed of his vehicle. Also captured by the video is a stop sign at the intersection through which appellant had just passed. The length of the block preceding the intersection and stop sign, the nominal time that transpired between appellant's first and second left turns, and his distance from the intersection when his movement was again caught on video permits a fact finder to reasonably infer that appellant failed to heed the stop sign. To that we add the trooper's testimony about his having yet attempted to initiate a stop. Purportedly that was not attempted until after appellant could be seen driving on the left side of the road to complete a rather quick right turn at the next residential intersection.

An officer need only have a reasonable belief that a traffic violation occurred. *State v. Ellis*, No. 04-12-00589-CR, 2013 Tex. App. LEXIS 2467, at *8–9 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op., not designated for publication); *Butler v. State*, 300 S.W.3d 474, 480 (Tex. App.—Texarkana 2009, pet. ref'd). The State need not prove one actually occurred. *Id.* Furthermore, the commission of a traffic violation in an officer's presence authorizes a temporary detention. *Walker v. State*, No. 11-16-00103-CR, 2018 Tex. App. LEXIS 1743, at *4 (Tex. App.—Eastland Mar. 8, 2018, no pet.) (mem. op., not designated for publication). And, that is the situation here.

The evidence described earlier allowed the trial court (as fact finder) to conclude that an officer in the trooper's position could have reasonably believed appellant committed several traffic violations. So too could it conclude, from the evidence, that

those violations occurred before the trooper commenced the detention. One such violation consisted of failing to stop at a stop sign. *See* TEX. TRANSP. CODE ANN. § 544.010(a) (stating that the operator of a vehicle approaching an intersection with a stop sign shall stop unless directed to proceed by a police officer or traffic signal). The other involved the failure to drive on the right side of the road. *See* TEX. TRANSP. CODE ANN. § 545.051(a) (requiring same except in a few itemized circumstances). Additionally, the pertinent standard of review obligates us to defer to the trial court's findings when supported by the evidence. *State v. Cabral-Tapia*, 572 S.W.3d 751, 753 (Tex. App.—Amarillo 2019, pet. ref'd). And, because of that we cannot say the trial court's denial of the motion to suppress fell outside the zone of reasonable disagreement and constituted an instance of abused discretion. *See id.* (stating that we review the decision to deny suppression under the standard of abused discretion and discretion is abused when the ruling falls outside the zone of reasonable disagreement).

We overrule issue four. And, in having overruled each issue, we also affirm the judgments entered in cause numbers 6707 and 6708.


Brian Quinn
Chief Justice


Do not publish.


6